**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Guy Joe BRUNETTI,
Defendant-Appellant.**

**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Antonio Mark BRUNETTI,
Defendant-Appellant.**

**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Norman D. WILLDEN,
Defendant-Appellant.**

**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**George S. D'AMBROSIO,
Defendant-Appellant.**

**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Gregory M. ANDERSON,
Defendant-Appellant.**

**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Donnell Gary RAMSEY,
Defendant-Appellant.**

**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Norman M. BUCHAN,
Defendant-Appellant.**

Nos. 78–1741 to 78–1747.

United States Court of Appeals,
Tenth Circuit.

Argued Oct. 15, 1979.

Decided Feb. 11, 1980.

Steven W. Snarr, Asst. U. S. Atty., Salt Lake City, Utah (Ronald L. Rencher, U. S. Atty., Salt Lake City, Utah, with him on brief), for plaintiff-appellee.

Robert M. Daudet, Phoenix, Ariz. (Ronald J. Yengich and Richard G. MacDougall and Phil L. Hansen of Hansen & Hansen, Salt Lake City, Utah, with him on brief), for Guy Joe Brunetti, Antonio Mark Brunetti, and Norman D. Willden, Sumner J. Hatch, Salt Lake City, Utah, for George S. D'Ambrosio and Donnell Gary Ramsey, defendants-appellants.

Gregory M. Anderson, pro se.

Kenneth L. Rothey, Salt Lake City, Utah, for Norman M. Buchan, defendant-appellant.

Before McWILLIAMS, BREITENSTEIN and BARRETT, Circuit Judges.

McWILLIAMS, Circuit Judge.

The seven appellants in these consolidated appeals were convicted of an unlawful conspiracy in violation of 18 U.S.C. § 371. Specifically, the seven appellants were jointly charged in one count with unlawfully conspiring to defraud the United States by impeding, impairing, obstructing and defeating the lawful efforts of the Internal Revenue Service to ascertain, compute, assess and collect income taxes. In separate counts, two of the seven appellants, Antonio Mark Brunetti and Norman D. Willden, were charged with filing false tax returns in violation of 26 U.S.C. § 7206(1) in connection with their respective 1971 income tax returns.

As indicated, all seven appellants were convicted on the conspiracy charge. Brunetti and Willden were also convicted of violating the provisions of 26 U.S.C. § 7206(1) in connection with their 1971 tax returns. Fines were assessed against each of the appellants, and all were placed on probation. The seven appellants now seek reversal of the sentences thus imposed.

Count one charged a continuing conspiracy from August 1971 to and including April 17, 1972, and in connection therewith listed numerous overt acts, the last act occurring on April 17, 1972. The indictment was not returned until November 7, 1977, more than five years after the last overt act charged, but less than six years after the last act. By pre-trial motion, which was renewed during the course of the trial, the appellants sought to have the conspiracy charge dismissed on the ground that the charge was barred by the five-year statute of limitations provided by 18 U.S.C. § 3282. The trial court denied the motion on the ground that the six-year statute of limitations provided by 26 U.S.C. § 6531, was the applicable statute of limitations. The dispute as to the applicable statute of limitations is perhaps the principal matter raised on appeal.

The appellants contend that the conspiracy charge is barred by the five-year statute of limitations provided by 18 U.S.C. § 3282. That statute reads as follows:

*Except as otherwise expressly provided by law,* no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within *five* years next after such offense shall have been committed. (Emphasis added.)

The Government contends that the general five-year statute of limitations provided for by 18 U.S.C. § 3282 is not applicable because Congress has, by 26 U.S.C. § 6531, "otherwise expressly provided." 26 U.S.C. § 6531, in pertinent part, reads as follows:

*Periods of limitation on criminal prosecutions*

No person shall be prosecuted, tried, or punished for any of the various offenses arising under the internal revenue laws unless the indictment is found or the information instituted within 3 years next after the commission of the offense, except that the period of limitation shall be 6 years—

(1) for offenses involving the defrauding or attempting to defraud the United States or any agency thereof, whether by conspiracy or not, and in any manner;

\*　　\*　　\*　　\*　　\*　　\*

(8) for offenses arising under section 371 of Title 18 of the United States Code, where the object of the conspiracy is to attempt in any manner to evade or defeat any tax or the payment thereof.

As mentioned, the trial court held that the applicable statute of limitations was the six-year statute provided for in 26 U.S.C. § 6531. Since the indictment here involved was returned in less than six years after the last overt act, the trial court denied the motion to dismiss. We agree with the action of the trial court.

The essence of the conspiracy, as alleged and proven, was that the seven appellants conspired to defraud the United States by impeding and defeating the lawful efforts of the Internal Revenue Service to ascertain and collect income taxes. General-

ly, the prosecution's evidence tended to show that the defendants bought and sold stocks at a large profit through nominees and by other devices in such a manner as to make it impossible to trace the capital gains to the individual appellants. Such being the case, we, like the trial court, are of the view that the applicable statute of limitations is the six-year statute contained in 26 U.S.C. § 6531(1) and (8). Subsection (1) provides for a six-year period of limitation for offenses involving the defrauding, or attempting to defraud, the United States, "whether by conspiracy or not, and in any manner." Subsection (8) provides for a six-year period of limitation for a conspiracy charge based on 18 U.S.C. § 371, where the object of the conspiracy is to in any manner attempt to evade or defeat any tax, or the payment thereof. In our view the present case comes well within the reach of both of these subsections.

We do not regard *United States v. McElvain*, 272 U.S. 633, 47 S.Ct. 219, 71 L.Ed. 451 (1926), relied on by appellants, to have particular present pertinency. The statutory scheme under consideration in *McElvain* has since been substantially amended. Such fact was recognized in *Braverman v. United States*, 317 U.S. 49, 63 S.Ct. 99, 87 L.Ed. 23 (1942), where the Supreme Court held that a conspiracy to defeat payment of a federal tax was subject to the six-year statute of limitations now contained in 26 U.S.C. § 6531(8).

*United States v. Lowder*, 492 F.2d 953 (4th Cir.), *cert. denied*, 419 U.S. 1092, 95 S.Ct. 685, 42 L.Ed.2d 685 (1974) is virtually on all fours with the present case. In *Lowder*, as in the instant case, the defendants were charged with conspiring to defraud the United States by obstructing the Internal Revenue Service in its computation and collection of revenue. The Fourth Circuit in *Lowder* held that the applicable statute of limitations was the six-year statute set forth in 26 U.S.C. § 6531, and not the general five-year statute provided for in 18 U.S.C. § 3282. See also, *United States v. Fruehauf Corp.*, 577 F.2d 1038 (6th Cir.), *cert. denied*, 439 U.S. 953, 99 S.Ct. 349, 58 L.Ed.2d 344 (1978) where the Sixth Circuit

held that the applicable statute of limitations to a charge of conspiracy to attempt to evade or defeat the payment of taxes is the six-year period of 26 U.S.C. § 6531(8), and that the applicable statute of limitations for a charge of conspiracy to defraud the United States is the six-year period provided by 26 U.S.C. § 6531(1).

We do not regard our disposition of the present controversy to be at odds with *Waters v. United States*, 328 F.2d 739 (10th Cir. 1964). In *Waters*, we held that a charge of possessing a firearm which had been made without payment of a making tax, in violation of 26 U.S.C. § 5821, was subject to the general three-year statute of limitations provided for in 26 U.S.C. § 6531, and not the six-year statute provided for in 26 U.S.C. § 6531(2). In thus holding we observed that 26 U.S.C. § 5821 was concerned with the *possession* of a firearm on which the making tax had not been paid, and that the statute was *not* concerned with "willfully attempting . . . to evade or defeat any tax," which is the language of 26 U.S.C. § 6531(2) that triggers the six-year period of limitation. *Waters* is simply not the present case.

■ After the jury commenced its deliberations, a request was made to have the instruction defining conspiracy reread to the jury, along with the testimony of two Government witnesses. Such was done, and certain of the appellants argue that the reading of the instruction and the testimony to the jury during the course of its deliberations constitutes reversible error. Under the circumstances, we disagree with this argument.

■ The reading to the jury of an instruction previously given is a matter lying within the discretion of the trial court. *Whitlock v. United States*, 429 F.2d 942 (10th Cir. 1970). Similarly, whether testimony of a witness shall be read to a jury during the course of its deliberations is also a matter lying within the sound discretion of the trial court. *United States v. Tager*, 481 F.2d 97 (10th Cir. 1973), *cert. denied*, 415 U.S. 914, 94 S.Ct. 1410, 39 L.Ed.2d 469

(1974). The testimony of the witnesses here involved was brief, though admittedly significant. The testimony in question was reread in its entirety, not just excerpts therefrom. We find no abuse of discretion.

 Complaint is also made on appeal to the *Allen* charge which the trial court gave the jury during the course of its deliberations. We find no error in this regard. Much has been written about the *Allen* charge. We shall not repeat it here. The instruction given here was similar in content to the ones given in *United States v. Dyba*, 554 F.2d 417 (10th Cir.), *cert. denied*, 434 U.S. 830, 98 S.Ct. 111, 54 L.Ed.2d 89 (1977) and *Munroe v. United States*, 424 F.2d 243 (10th Cir. 1970). The instructions given in *Dyba* and *Munroe* were held not to constitute error.

All appellants argue that the evidence is insufficient to support their respective convictions. We disagree. As above noted, the Government presented evidence which showed a plan to purchase and sell stock at a gain without reporting it as taxable income. Purchases of stock were made at a low price from unknowledgeable sellers. The shares thus purchased were transferred into shares of subsidiary or related corporations. Stock splits ensued. Transfers were often through nominees, who arranged the ultimate sale of the stock thus acquired. All appellants were to a greater, or lesser, degree involved. However, it is not essential that each conspirator have knowledge of *all* the activities of the other conspirators, nor must he participate in *all* the activities in furtherance of the conspiracy. If a conspiracy is established and the convicted persons knowingly contributed to the furtherance thereof, then their conviction must stand. *United States v. Jackson*, 482 F.2d 1167 (10th Cir. 1973), *cert. denied*, 414 U.S. 1159, 94 S.Ct. 918, 39 L.Ed.2d 111 (1974). Participation in a criminal conspiracy need not be established by direct evidence. In fact it seldom is. Common purpose and plan is generally inferred "from a 'development and [a] collocation of circumstances'." *Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed.

680 (1942) and *United States v. Manton*, 107 F.2d 834, 839 (2nd Cir. 1938), *cert. denied*, 309 U.S. 664, 60 S.Ct. 590, 84 L.Ed. 1012 (1940). The evidence is legally sufficient.

Judgments affirmed.