**UNITED STATES of America, Plaintiff,**

v.

**Charles Champ WILLIAMS, et al., Defendants.**

**No. 86–95–Cr–Orl.**

United States District Court,
M.D. Florida,
Orlando Division.

Dec. 11, 1986.

James F. Neal, William T. Ramsey and James G. Thomas of Neal & Harwell, Nashville, Tenn., and David B. King of King & Blackwell, P.A., Orlando, Fla., for defendants.

Stephen J. Calvacca, Asst. U.S. Atty., Orlando, Fla., for the government.

**ORDER**

JAMES L. WATSON, Judge, sitting by designation.

The defendants have jointly filed two motions to dismiss the present indictment. The first, filed July 25, 1986, contends that the indictment is barred by the applicable statute of limitations. The second, filed October 28, 1986, argues that the facts alleged in the indictment do not constitute the offense of conspiring to defraud the United States proscribed by 18 U.S.C. § 371. In addition to considering the memoranda submitted by the respective parties,

the Court heard oral argument on both motions on November 18, 1986. For the reasons discussed below, the motions are each denied.

## I. Statute of Limitations

■ The indictment in this case, returned on May 16, 1986, charges the defendants with conspiracy "to defraud the United States by impeding, impairing, obstructing, and defeating the lawful Government functions of the Internal Revenue Service of the Treasury Department ["IRS"] in the ascertainment, computation, assessments, and collection of the revenue: to wit, income taxes", in violation of 18 U.S.C. § 371. The government contends that the applicable statute of limitations is either of subsections (1) or (8) of 26 U.S.C. § 6531. Those provisions state:

No person shall be prosecuted, tried, or punished for any of the various offenses arising under the internal revenue laws unless the indictment is found or the information instituted within 3 years next after the commission of the offense, except that the period of limitation shall be 6 years—

(1) for offenses involving the defrauding or attempting to defraud the United States or any agency thereof, whether by conspiracy or not, and in any manner;

\*　　\*　　\*　　\*　　\*　　\*

(8) for offenses arising under section 371 of Title 18 of the United States Code, where the object of the conspiracy is to attempt in any manner to evade or defeat any tax or the payment thereof.

Defendants, on the other hand, contend that the applicable statute of limitations is the five-year provision in 18 U.S.C. § 3282, which states:

Except as otherwise expressly provided by law, no person shall be prosecuted, tried or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed.

Defendants rely on a footnote in the Supreme Court decision of *Grunewald v. Unit-*

*ed States*, 353 U.S. 391, 396 n. 8, 77 S.Ct. 963, 969 n. 8, 1 L.Ed.2d 931 (1957), which declared that 18 U.S.C. § 3282 (then a three-year statute of limitations) was the "governing statute" where the charge was conspiracy to defraud the United States with reference to tax matters in violation of 18 U.S.C. § 371.

As the defendants acknowledge, at least two Circuits have addressed the *Grunewald* language and have nonetheless held that the controlling statute of limitations for charges of conspiracy to defraud the government with reference to tax matters is the six-year provision contained in 26 U.S.C. § 6531(1) and (8), and not the general five-year provision in 18 U.S.C. § 3282. *United States v. Ingredient Technology Corp.*, 698 F.2d 88, 98–99 (2d Cir.1983), *cert denied*, 462 U.S. 1131, 103 S.Ct. 3111, 77 L.Ed.2d 1366 (1984); *United States v. Lowder*, 492 F.2d 953, 955–56 (4th Cir.1974). The *Lowder* court reasoned:

The government argues that the language in [*Grunewald* and *United States v. Klein*, 247 F.2d 908 (2d Cir.1957), *cert. denied*, 355 U.S. 924, 78 S.Ct. 365, 2 L.Ed.2d 354 (1958)] represents not holding, but dicta, since the precise issue here was not contested by the parties. Especially in *Grunewald*, we do not think that the language was dicta. On the other hand, the language was not part of the main holdings in either case; it was not with respect to any issue which was fully briefed and pressed; and it seems nothing more than mere inadvertence on the part of both courts that the specific language of § 6351, and it predecessors, was overlooked. We, therefore, conclude to follow the specific statutory language, rather than the contrary statements in *Grunewald* and *Klein* and hold that the applicable limitation period was six years.

*Id.* at 956. At least three other Circuits have cited the *Lowder* decision to reject claims that a conspiracy to defraud the United States involving tax evasion is governed by the five-year statute of limitations in 18 U.S.C. § 3282 rather than the six-year provision in 26 U.S.C. § 6531(1) and (8).

*United States v. Fruehauf Corp.*, 577 F.2d 1038, 1070 (6th Cir.), *cert. denied*, 439 U.S. 953, 99 S.Ct. 349, 58 L.Ed.2d 344 (1978); *United States v. Brunetti*, 615 F.2d 899, 901–902 (10th Cir.1980); *United States v. White*, 671 F.2d 1126, 1133–34 (8th Cir. 1982).

Defendants respond that these decisions draw a "dubious distinction" since the *Grunewald* court cited the predecessor to 26 U.S.C. § 6531 at another portion of the opinion, specifically in footnote 19. That predecessor provision was 26 U.S.C. § 3748 (1940). Significantly, however, the statute was not quoted and was cited only for its application to substantive offenses "arising under the internal revenue laws of the United States", which offenses were enumerated in subsections (1)–(3) of the statute. The provision of former–§ 3748 applicable to tax evasion conspiracies brought under the general conspiracy statute in the Criminal Code was set forth in a further unnumbered paragraph, as follows:

> For offenses arising under section 37 of the Criminal Code, March 4, 1909, 35 Stat. 1096, where the object of the conspiracy is to attempt in any manner to evade or defeat any tax or the payment thereof, the period of limitation shall also be six years....

In addition to being somewhat submerged in a separate, unnumbered paragraph of § 3748, the applicability of this provision to the *Grunewald* conspiracy charge was further obscured because "section 37 of the Criminal Code", mentioned in the provision, was repealed in 1948 (62 Stat. 862), and the defendants in *Grunewald* were charged under the successor provision, 18 U.S.C. § 371.

The most telling indication that the *Grunewald* court overlooked the predecessor to 26 U.S.C. § 6531 is its failure to cite, let alone distinguish or overrule, the prior decision of *Braverman v. United States*, 317 U.S. 49, 63 S.Ct. 99, 87 L.Ed. 23 (1942). *Braverman* squarely held that a conspiracy to evade or defeat payment of a federal tax, brought under the predecessor to 18 U.S.C. § 371, was subject to the six-year

statute of limitations contained in the predecessor to 26 U.S.C. § 6531(8). *Id.* at 54–55, 63 S.Ct. at 102. The Court emphasized that enlargement to six-years of the time for prosecution of conspiracies involving an attempt to evade or defeat the payment of federal taxes was the expressed purpose of the amendment. *See* H.R.Rep. No. 1492, 72nd Cong., 1st Sess., 29.

Two of the Circuit Court decisions cited above expressly recognize the continued validity of the *Braverman* holding. *United States v. Brunetti*, 615 F.2d at 902; *United States v. Fruehauf Corp.*, 577 F.2d at 1070. On the other hand, 18 U.S.C. § 3282, by its terms, is applicable to non-capital offenses "[e]xcept as otherwise expressly provided by law." Because 26 U.S.C. § 6531(1) and (8) expressly provide a six-year period for conspiracy offenses of the type charged in the instant indictment, the Court holds that 18 U.S.C. § 3282 is not applicable.

In connection with their statute of limitations argument, the defendants assert that the conspiracy offense charged in the indictment ceased after the last alleged overt act of skimming occurred, in March 1981. Even if the Court were to accept the defendants' view of when the conspiracy ceased, the conspiracy charge would still fall within the applicable six-year statute of limitations. The Court agrees with the government, however, that inasmuch as defendants are not charged with a conspiracy to "skim", but rather with a conspiracy to evade taxes by obstructing and impeding the lawful functions of the Internal Revenue Service, the conspiracy includes acts alleged to have occurred after the actual skimming ceased, such as the filing of income tax returns which omit the skimmed income, and various subsequent acts of deception, false record keeping, hiding of assets, and misstatements to interested parties. *See, e.g., United States v. Diez*, 515 F.2d 892, 896–899 (5th Cir.1975), *cert. denied*, 423 U.S. 1052, 96 S.Ct. 780, 46 L.Ed.2d 641 (1976).

## II. Conspiracy Charge

In their second motion to dismiss, defendants contend that the indictment fails to allege a violation of 18 U.S.C. § 371 because it makes "no allegation of any affirmative steps defendants took, or conspired to take, that would have constituted actual interference with or obstruction of the Internal Revenue Service in its function of computing and collecting income taxes." (Defendants' Memorandum at 1).

Defendants' argument rests on their reading of three decisions and proceeds in a series of steps. First, defendants cite the Supreme Court case of *Hammerschmidt v. United States*, 265 U.S. 182, 44 S.Ct. 511, 68 L.Ed. 968 (1924), which they attempt to read broadly to stand for the proposition that "unless pecuniary loss is involved, no indictment that effectively alleges nothing more than a conspiracy to commit an existing federal offense states the offense of conspiring to defraud the United States." (Memorandum at 29–30). Defendants point out that while the indictment alleges that the defendants conspired to skim cash amounts from their businesses which they failed to report on their personal income tax returns, the indictment does not allege pecuniary loss to the government. Defendants then cite the Second Circuit case of *United States v. Klein*, 247 F.2d 908 (2d Cir.1957), *cert. denied*, 355 U.S. 924, 78 S.Ct. 365, 2 L.Ed.2d 354 (1958), for its recognition that "[m]ere failure to disclose income would not be sufficient to show the crime charged of defrauding the United States under 18 U.S.C. § 371." *Id.* at 916. Defendants construe *Klein* to require minimally "an agreement not only to conceal, but to mislead the IRS in some affirmative fashion." (Memorandum at 30). Defendants also invoke the Third Circuit case of *United States v. Tarnopol*, 561 F.2d 466 (3d Cir.1977), which held that a charge of conspiracy to defraud the United States by impeding the functions of the IRS could not rest "solely on the failure to record certain sales for cash or merchandise on the sales journal and accounts receivable ledger or to falsify those records [sic]." *Id.* at 474.

Defendants attack numerous alleged overt acts pertaining to their acquisition, secretion and distribution of large amounts of gold coins, principally on the ground that such acts are irrelevant to the charge since the indictment fails to allege that the coins were purchased with skimmed funds.[1] Defendants assert that, stripped of its inessentials, the indictment merely alleges that the defendants skimmed funds from their businesses, underreported sales transactions and falsified business records, and underreported income on their personal income tax returns. Defendants contend that such acts do not amount to an "affirmative" obstruction or interference with the functions of the Internal Revenue Service, in the sense of "throw[ing] sand in the government's eyes in the performance of its functions respecting income taxes", *United States v. Klein*, 139 F.Supp. 135, 141–42 (S.D.N.Y.1955), which defendants contend is required.

A review of the decisions relied upon by the defendants reveals that they have each been misconstrued or misapplied. Turning first to the *Hammerschmidt* decision, the conduct which formed the basis of the conspiracy charged in that case amounted to, in the Supreme Court's words, "a mere *open* defiance of the governmental purpose to enforce a law [the Selective Service Act of 1917] by urging persons subject to it to disobey it." 265 U.S. at 189, 44 S.Ct. at 512 (emphasis added). What the Court found lacking was the element of deceit or dishonest means. The Court stated:

> To conspire to defraud the United States means primarily to cheat the Government out of property or money, but it also means to interfere with or obstruct one of its lawful governmental functions

---

1. The defendants have not moved to strike the "gold coin" allegations. The government correctly points out that regardless of whether the Court accepts the defendants' characterization of those allegations as irrelevant, the motion to dismiss must still be denied if the remaining allegations, standing alone, are sufficient to state the offense charged. The Court, therefore, will not address the defendants' attack on the gold coin allegations in resolving this motion.

by deceit, craft or trickery, or at least by means that are dishonest. It is not necessary that the government shall be subjected to property or pecuniary loss by the fraud, but only that its legitimate official action and purpose shall be defeated by misrepresentation, chicane, or the overreaching of those charged with carrying out the governmental intention. *Id.* at 188, 44 S.Ct. at 512. In this case, regardless of whether the indictment alleges an "affirmative obstruction or interference" with IRS functions, which defendants contend is required, it unquestionably alleges a conspiracy to evade income taxes "by deceit, craft or trickery, or at least by means that are dishonest." Thus, the *Hammerschmidt* decision has no bearing on the defendants' contentions in this motion.[2]

The *Klein* case involved the very sort of conspiracy with which the defendants are charged herein, *i.e.*, a conspiracy to defraud the United States by impeding and obstructing the IRS in the assessment and collection of income taxes, in violation of 18 U.S.C. § 371. Although the *Klein* defendants were initially charged with substantive tax law violations, the district court granted judgments of acquittal on those counts, so that the defendants' trial and convictions were only on the conspiracy charge.[3] 247 F.2d at 910–11. The Court found that "ample evidence" was presented to support the convictions, and summarized twenty acts of concealment of income which the jury might have found. Many of those acts included false or misleading statements on income tax returns and to IRS officials. Other acts included various alterations and false entries in business record books. *Id.* at 915. Contrary to defendants' suggestion, nothing in the Second Circuit's opinion purports to restrict the relevant acts of concealment to instances in which there is privity or other direct

"affirmative" relationship between a defendant's act or statement and the inquiries of an IRS agent. Nor did the district court in *Klein* have such a restricted understanding of its metaphor "to throw sand in the government's eyes." Indeed, the district court expressly rejected the contention "that the function allegedly obstructed must be limited to those performed by the Collector of Internal Revenue." 139 F.Supp. at 142.

Although the Second Circuit stated that mere failure to disclose income would be insufficient to show the crime of defrauding the United States, the Court went on to state:

> The statute, however, not only includes the cheating of the government out of property or money, but "also means to interfere with or obstruct one of its lawful governmental functions by deceit, craft or trickery, or at least by means that are dishonest."

247 F.2d at 916 (quoting *Hammerschmidt*, 265 U.S. at 188, 44 S.Ct. at 512). The Court reads no indication in *Klein* that it would be insufficient if defendants' failure to disclose income on tax returns were shown to be part of a scheme to acquire income without governmental detection through deceitful and dishonest means, as the instant indictment alleges.

Defendants' reliance on *Tarnopol* is also misplaced. *Tarnopol* involved a "payola" scheme whereby defendant record producers bribed radio disc jockeys with cash and merchandise to induce them to play and promote certain recordings in which the defendants had a financial interest. The defendants financed the scheme with a slush fund generated by records sales that were omitted from company sales journals. The defendants were charged, *inter alia*, with conspiracy to defraud the IRS with respect to defendants' income tax liability.

---

**2.** The defendants appear to acknowledge this in their Memorandum, at page 16.

**3.** The Court mentions this because defense counsel, at oral argument, suggested that the failure to add to the conspiracy count other counts of substantive tax law violations makes

the indictment unprecedented and somehow improper. The government's decision to seek prosecution only under the conspiracy statute was within the bounds of permissible prosecutorial discretion.

The only evidence supporting the charge introduced at trial, however, was the omission of numerous record sales from the company's sales journal and accounts receivable ledger. In holding that this was insufficient to show criminal intent to defraud the United States, the Third Circuit cited the language in *Klein* that "[m]ere failure to disclose income would not be sufficient to show a section 371 conspiracy to defraud the United States." The Court inferred that, likewise, the mere failure to record sales in company books was insufficient. 561 F.2d at 474–75. In connection with its finding of insufficient evidence, the Third Circuit emphasized:

> There was no evidence that [the defendants] filed inaccurate income tax returns or omitted gross income therefrom for the years involved; that they evaded income taxes for those years; or that an Internal Revenue Service examination or audit was pending, expected or contemplated by the defendants. Moreover, there was no evidence, oral or documentary which established or hinted at the evading or avoiding of the tax liability of [the defendants] or which even mentioned the subject of tax liability, let alone any misrepresentation to the Internal Revenue Service or any of its agents.

*Id.* at 474. Thus, contrary to the defendants' suggestion, the *Tarnopol* decision does not suggest or imply that the alleged failure to enter numerous sales in company books would be insufficient if it were coupled with allegations that personal income flowed to the defendants from those omissions but was not reported on their tax returns and other allegations to show a purpose to evade taxes.

The defendants assert that there is no direct authority within or outside of this Circuit which would support the charge of conspiracy to defraud the United States on facts comparable to the allegations in this indictment. The Court disagrees. In *United States v. Enstam*, 622 F.2d 857 (5th Cir.1980), the former-Fifth Circuit sustained the convictions of two defendants on a single count of conspiracy to defraud the United States by impeding the IRS' functions of computing and collecting income taxes in violation of 18 U.S.C. § 371. (*See ante*, note 3). The scheme involved in that case was a complicated money "laundering" operation to conceal the source of income obtained from illegal drug sales. The defendants' various acts of concealment upon which the charge was based and proved related to the deceitful way in which the scheme was set up and carried out, and to the scheme's fraudulent purpose of avoiding tax liability on the laundered money. Any greater "privity" in *Enstam* than in this case between the defendants' acts and those of IRS agents is due only to the fact that the *Enstam* conspiracy was uncovered through the infilteration of two undercover agents, whereas the conspiracy alleged in this case came to light because of the defection and estrangement of one of the co-conspirators. That fact is immaterial because the *Enstam* defendants did not know they were dealing with IRS agents, and their acts of concealment and misrepresentation upon which the conspiracy charge was based were not directed to those agents. To the contrary, the undercover agents misled the defendants into believing they were co-conspirators, thereby inducing the defendants to speak in an candid and forthright manner about the details and purposes of their scheme. *Id.* at 861–864. The relevant focus, therefore, is whether the nature of the defendants' scheme itself constituted "throwing sand in the government's eyes" sufficient to sustain a charge of conspiracy to defraud the United States under Section 371, and the Fifth Circuit in *Enstam*, by the plain implication of finding sufficient evidence, held that it did.

Allegations of the broad purposes and means of the conspiracy charged in this case are set forth in paragraphs 6 through 10 of the indictment. The remaining fifty-five paragraphs that follow provide detailed allegations of overt acts ascribed to one or more co-conspirators during the course and in furtherance of the conspiracy. Those allegations include: surreptitious cash salary supplements which were

not disclosed on the personal tax returns of the defendants (paragraphs 8, 19); the preparation of false and fraudulent business records which understated actual cash receipts and omitted cash salary supplements to the defendants (paragraphs 18, 20, 30); the presentation of the false and fraudulent books and records to the corporate accountants for preparation of the corporate returns (paragraph 7); and the destruction of sales records which accurately reflected total cash receipts of the corporation (paragraphs 23, 31).

The indictment thus alleges that the defendants systematically and purposefully omitted substantial amounts of income from their personal and corporate tax returns which they obtained through a secret skimming operation, and sought to support those omissions with false and fraudulent business records. There are ample allegations to tie such conduct to a purpose of evading federal taxes. The Court finds no legal significance in the distinction defendants attempt to draw between an "affirmative misrepresentation" and an "omission" which is made purposefully and with fraudulent intent. The records which, according to the indictment, have been altered, destroyed or fraudulently prepared are records which are required under the Internal Revenue Code. 26 U.S.C. §§ 6001, 7203. The defendants would obviously be expected to present such records to the IRS in the event of an audit or investigation. Consequently, the Court has no doubt that the conduct alleged in the indictment constitutes a "dishonest impeding of a lawful government function", *Sans v. United States*, 731 F.2d 1521, 1534 (11th Cir.1984), which is prosecutable under 18 U.S.C. § 371.

The Court notes, in addition, that the defendants have conspicuously failed to touch on the overt acts alleged in the indictment involving the period after the defendants' falling-out with their son and brother, Robert Bruce Williams. Those acts include steps the defendants allegedly took aimed at preventing Robert Bruce Williams from cooperating with any governmental investigation of his family or

their corporation, WME, Inc. (Paragraphs 62–63). The indictment also alleges that defendant Susan W. Wood requested a certain individual to give misleading information to investigators in response to questions concerning the subject of the defendants' possession of gold coins. (Paragraph 65). Such allegations plainly involve attempts by one or more of the defendants to impede or obstruct the progress of imminent or ongoing investigations bearing on the defendants' personal income tax liability, and, considered together with the remaining allegations set forth in the indictment, in the Court's view, satisfy even a stringent interpretation of the element of "throwing sand in the government's eyes."

The defendants contend, alternatively, that even if the Court rejects their reading of *Hammerschmidt, Klein* and *Tarnopol,* the Court should nonetheless dismiss the indictment because it is not "plainly and unmistakeably" clear that the conduct alleged falls within the ambit of the charge of conspiracy to defraud the government under 18 U.S.C. § 371, citing *United States v. Porter,* 591 F.2d 1048, 1055–57 (5th Cir. 1979). The Court finds no merit in this contention. Numerous decisions of this Circuit and other Circuits have sustained *Klein*-type conspiracy charges alleging dishonest and deceptive schemes to avoid or evade tax liability. *See, e.g., United States v. Barnette,* 800 F.2d 1558 (11th Cir.1986); *United States v. Sans, supra; United States v. Enstam, supra; United States v. Diez, supra.* Congress' contemplation that section 371 may be invoked to prosecute such conspiracies is demonstrated in the language of 26 U.S.C. § 6531, discussed in part 1. *See United States v. Shermetaro,* 625 F.2d 104, 109 (6th Cir. 1980).

The Court has explained why the core allegations pertaining to the defendants' conspiracy are comparable, in material respects, to the conspiracy involved in *United States v. Enstam, supra.* While the Court acknowledges the concern voiced by defense counsel that the charge of conspiracy to defraud the United States in section 371

should not extend to criminalize mere "suspicious behavior by the sort of people who ought to know better", Goldstein, Conspiracy to Defraud the United States, 68 Yale L.J. 405, 462 (1959), that concern does not present itself in this case.

### Conclusion

For the foregoing reasons, the Court concludes that the charge set forth in the indictment is not barred by the applicable statute of limitations; and that the indictment adequately alleges the offense of conspiring to defraud the United States, in violation of 18 U.S.C. § 371. Accordingly, it is

ORDERED that the defendants' motions to dismiss are each hereby denied.