166 F.3d 346
 98 CJ C.A.R. 6301
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Roosevelt BROWN, Petitioner-Appellant,
v.
Robert D. HANNIGAN and Attorney General of Kansas,
Respondents-Appellees.
 No. 98-3043.
 United States Court of Appeals, Tenth Circuit.
 Dec. 16, 1998.
 
 (D.C. No. 96-CV-3267) (D.Kan.)
 Before BALDOCK, EBEL, and MURPHY, Circuit Judges.
 
 
 1
 ORDER AND JUDGMENT*
 
 EBEL.
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Petitioner Roosevelt Brown, appearing pro se, seeks a certificate of appealability in order to appeal the district court's denial of his writ of habeas corpus under 28 U.S.C. § 2254. See 28 U.S.C. § 2253(c)(1)(A) (providing that no appeal can be taken from the denial of a § 2254 habeas petition unless the petitioner first obtains a certificate of appealability).
 
 
 4
 Petitioner was convicted in Kansas in 1993 for criminal trespass, aggravated kidnaping and rape. On direct appeal, petitioner's criminal trespass conviction was reversed, but his kidnaping and rape convictions were affirmed. The Kansas Supreme Court denied review, after which petitioner filed this § 2254 petition. His petition claims that he was denied due process when the trial court allowed the jury to hear a partial rereading of petitioner's and the victim's testimony. Petitioner argues the rereading of testimony was not responsive to the jury's request. Petitioner also claims that he was denied due process when the trial court admitted evidence of a love letter he wrote to the victim while he was awaiting trial. He claims that the letter was irrelevant and was improperly introduced to show that he was trying to manipulate the victim.
 
 
 5
 The district court denied the petition, finding that the alleged errors did not have a substantial and injurious effect on the jury's verdict. In a subsequent order, the district court denied petitioner's request for a certificate of appealability.
 
 
 6
 Whether testimony of a witness shall be reread to a jury during the course of its deliberations is a matter lying within the sound discretion of the trial court. See United States v. Brunetti, 615 F.2d 899, 902 (10th Cir.1980). While we have recognized that rereading of witness testimony to the jury during deliberations is disfavored because of the potential that the jury might unduly emphasize that evidence, see United States v. Keys, 899 F.2d 983, 988 (10th Cir.1990), we find no abuse in the trial judge's exercise of its discretion and we agree with the district court that the alleged error did not have a substantial and injurious effect or influence in determining the jury's verdict. See Brecht v. Abrahamson, 507 U.S. 619, 637-38, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993). We also agree with the district court that the admission of the love letter did not have a substantial and injurious effect on the jury's verdict.
 
 
 7
 Upon careful review of the record, we conclude that the district court's order denying petitioner's habeas corpus petition is not debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings. See Gallagher v. Hannigan, 24 F.3d 68, 68 (10th Cir.1994) (discussing how to make substantial showing of denial of constitutional right). Thus, we find that petitioner has not made a substantial showing of the denial of a constitutional right and that the district court properly denied petitioner's application for a certificate of appealability. Accordingly, we DENY petitioner's request for a certificate of appealability and DISMISS the appeal. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3