Carmin C. Reiss, Boston, Mass., Federal Defender Office, for defendant, appellant.

Thomas J. Drinan, Asst. U.S. Atty., Boston, Mass., with whom William F. Weld, U.S. Atty., Boston, Mass., was on brief, for appellee.

**UNITED STATES of America, Appellee,**

v.

**Donald F. FERRIS,**
**Defendant, Appellant.**

**No. 86–1248.**

United States Court of Appeals,
First Circuit.

Argued Oct. 7, 1986.

Decided Dec. 16, 1986.

Before LEVIN H. CAMPBELL, Chief Judge, BROWN,\* Senior Circuit Judge, and BOWNES, Circuit Judge.

BOWNES, Circuit Judge.

The sole issue in this case is when the six-year statute of limitations, 26 U.S.C. § 6531 [1] started to run on an indictment dated January 22, 1985, charging attempted evasion of taxes due for the calendar year 1977 in violation of 26 U.S.C. § 7102.[2]

----

\* Of the Fifth Circuit, sitting by designation.

1. Section 6531 provides in pertinent part:
   No person shall be prosecuted, tried, or punished for any of the various offenses arising under the internal revenue laws unless the indictment is found or the information instituted within 3 years next after the commission of the offense, except that the period of limitation shall be 6 years—

. . . .

   (2) for the offense of willfully attempting in any manner to evade or defeat any tax or the payment thereof;

. . . .

2. § 7201. Attempt to evade or defeat tax. Any person who willfully attempts in any manner to evade or defeat any tax imposed by this

A two-count indictment was returned against defendant charging evasion of taxes for the calendar years 1976 and 1977. Defendant did not file tax returns or pay taxes in either year. He moved to dismiss the indictment on the ground that it was barred by the statute of limitations. The motion was denied. Pursuant to a plea agreement, Count One was dismissed and defendant entered a conditional plea of guilty to Count Two, reserving the right to appeal the statutes of limitations issue.[3]

Defendant's contention is that the statute of limitations began to run on April 15, 1978, when he failed to file a tax return and pay income taxes.

The government takes two positions, only the first of which we discuss[4]: that the statute starts running on the date of the last affirmative act of tax evasion without regard to the due date of the taxes not paid.

We start our analysis by noting that no bill of particulars was filed asking that the government specify the date or dates on which it claimed the offense was committed. The language of the indictment is broad. It charges that

> from on or about January 1, 1977, and continuing until the date of the indictment ... [the defendant] did willfully and knowingly attempt to evade and defeat the said income tax ... by failing to make such income tax return ... and by failing to pay to the Internal Revenue Service, said income tax *and by concealing and attempting to conceal from all proper officers of the United States of America his true and correct taxable income.* [Emphasis added.]

Although no specific dates of acts of concealment and attempted concealment are specified in the indictment, the government did give a time frame reference for such acts at the plea hearing. In outlining the evidence, the prosecutor stated that in April of 1979 the defendant told two IRS agents that he had not made any money on a business deal (the Moxie Cove deal) in which he participated in 1977 and that he never saw the sales proceeds from it, whereas the government would prove that defendant received $25,000 income from this business deal. The prosecutor further stated that in January of 1983 defendant again denied making any money on the Moxie Cove deal or receiving any income from it. These statements were made at the United States Attorney's office to the prosecutor and the special agent who conducted the investigation; defendant was accompanied by counsel at the time.

---

title or the payment thereof shall, in addition to other penalties imposed by this title or the payment thereof shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, shall be fined not more than $100,000 ($500,000 in the case of a corporation), or imprisoned not more than 5 years, or both, together with the costs of prosecution.

3. Count Two of the indictment charges that:
   1. During the calendar year 1977, DONALD F. FERRIS, a resident of Gloucester, had and received a substantial amount of taxable income; that upon said taxable income he owed to the United States of America a substantial amount of income tax; that he was required by law on or before April 15, 1978, to make an income tax return to the Internal Revenue Service, and to pay such income tax; that well knowing the foregoing facts, the said DONALD F. FERRIS, from on or about January 1, 1977, and continuing until the date of indictment, in the District of Massachusetts, did willfully and knowingly attempt to evade and defeat the said income tax due and owing by DONALD F. FERRIS to the United States of America for said calendar year by failing to make such income tax return to the Internal Revenue Service, and by failing to pay to the Internal Revenue Service, said income tax and by concealing and attempting to conceal from all proper officers of the United States of America his true and correct taxable income.

   All in violation of Title 26, United States Code, Section 7201.

4. This was the second indictment; the first had been dismissed because of a Speedy Trial Act violation. The government's alternative position is that the statute of limitations was tolled when the first indictment was returned.

Since we are reviewing the refusal to grant a motion to dismiss the indictment, the allegations of the indictment and the unchallenged statement of proof of the prosecutor must be accepted as true. *See United States v. Sampson*, 371 U.S. 75, 78–79, 83 S.Ct. 173, 174–75, 9 L.Ed.2d 136 (1962); *Boyce Motor Lines v. United States*, 342 U.S. 337, 343 n. 16, 72 S.Ct. 329, 332 n. 16, 96 L.Ed. 367 (1952).

It is important to emphasize that defendant was indicted for the felony offense of attempted tax evasion under 26 U.S.C. § 7201, *not* the misdemeanor offense of failing to file a tax return, 26 U.S.C. § 7203. In *Spies v. United States*, 317 U.S. 492, 63 S.Ct. 364, 87 L.Ed. 418 (1943), the Court discussed the difference between the misdemeanor of a willful failure to pay a tax when due and the felony of willful attempt to defeat and evade a tax. It held: "If the tax-evasion motive plays any part in such conduct [concealment of assets or covering up sources of income] the offense may be made out even though the conduct may also serve other purposes such as concealment of other crime." *Id.* at 499, 63 S.Ct. at 368. So also in *United States v. Beacon Brass Co., Inc.*, 344 U.S. 43, 45–46, 73 S.Ct. 77, 78–79, 97 L.Ed. 61 (1952), the Court said: "The language of § 145(b) [the predecessor to 26 U.S.C. § 7201] which outlaws willful attempts to evade taxes 'in any manner' is clearly broad enough to include false statements made to Treasury representatives for the purpose of concealing unreported income."

The case law substantiates the government's position that it is the date of the latest act of evasion, not the due date of the taxes, that triggers the statute of limitations. In *United States v. Trownsell*, 367 F.2d 815 (7th Cir.1966), the court held that the statute of limitations started running in February of 1961 when defendant transferred a sum of money to a Swiss bank account notwithstanding that the taxes were due between 1946 and 1953. In *United States v. Shorter*, 608 F.Supp. 871 (D.D.C.1985), the court stated the prevailing rule: "An act constituting evasion which occurs during the limitations period

brings the prosecution within the statute of limitations even if the taxes being evaded were due and payable prior thereto." *Id.* at 874. *See also United States v. Mousley*, 194 F.Supp. 119 (E.D.Pa.1961), *aff'd without opinion*, 311 F.2d 795 (3d Cir.), *cert. denied*, 372 U.S. 966, 83 S.Ct. 1091, 10 L.Ed.2d 129 (1963).

We do not find the cases relied on by defendant controlling. In *United States v. Habig*, 390 U.S. 222, 88 S.Ct. 926, 19 L.Ed.2d 1055 (1968), the Court considered the application of the statute of limitations to an indictment charging an attempt to evade taxes by filing a false return and aiding in the preparation and presentation of a false return. The Court held that the offenses were committed when the returns were actually filed. It rejected defendant's contention that the critical date was not when the returns were actually filed, but the earlier date when they were due to be filed. The Court held that it made no sense to assert that "Congress intended the limitations period to begin to run before appellees committed the acts upon which the crimes were based." *Id.* at 224–25, 88 S.Ct. at 927–28. The rationale of *Habig* supports the government's position here. The acts upon which the crime was based here are the false statements made in 1979 and 1983, continuing attempts to evade payment of the 1977 income tax. If all that defendant had done was to fail to file his 1977 income tax return, then the last act of evasion would have been April 15, 1978, the date the return and tax were due. The defendant, however, by deceitful statements continued his tax evasion through January of 1983.

In *United States v. Meyerson*, 368 F.2d 393 (2d Cir.1966), *cert. denied*, 386 U.S. 991, 87 S.Ct. 1305, 18 L.Ed.2d 335 (1967), the court held that the fugitive from justice tolling provision of 26 U.S.C. § 6531 applied to a person who was outside the United States. The issue before us was not a factor in *Myerson*. The court did state that the statute of limitations for the willful evasion of tax commenced to run from the last date upon which the return was

due. *Id.* at 395. But defendant had argued, as in *Habig*, that the effective date was the earlier on which he had filed his return. We do not think the court's statement, which was addressed to a different question than the one before us, is applicable to our case.

Another case relied on by defendant is *United States v. Kafes*, 214 F.2d 887 (3d Cir.), *cert. denied*, 348 U.S. 887, 75 S.Ct. 207, 99 L.Ed. 697 (1954). The court held that in a prosecution for both attempting to evade income taxes and wrongful failure to file tax returns, the statute of limitations did not start to run until March 15 of the year following that for which the taxes were owed. *Id.* at 890. As in *Meyerson*, the question of whether subsequent acts of evasion would postpone the running of the statute of limitations was not an issue.

Three other cases cited by defendants are simply not apposite and beg the question. *Grunewald v. United States*, 353 U.S. 391, 77 S.Ct. 963, 1 L.Ed.2d 931 (1957), involved the application of the statute of limitations to a tax fraud conspiracy. The Court held that "the crucial question in determining whether the statute of limitations has run is the scope of the conspiratorial agreement." *Id.* at 397, 77 S.Ct. at 970. We agree with defendant that the government bears the burden of proving that the prosecution was started within the applicable statute of limitations period. *Id.* at 396, 77 S.Ct. at 969. But that only gets us to the question, it does not help decide it.

*Toussie v. United States*, 397 U.S. 112, 90 S.Ct. 858, 25 L.Ed.2d 156 (1970), involved an indictment for failing to register for the draft. The holding was that statute of limitations normally begin to run on the day the crime is complete and that failure to register is a single act so that the statute of limitations began to run on the first date on which the obligation to register occurred. How this applies to the question before us is difficult to perceive. The issue in *United States v. Hankin*, 607 F.2d 611 (3d Cir.1979), was when the crime of violating the Federal Election Campaign Act was

completed; to be specific, whether making a political contribution occurs at the time of deposit of the checks or some other time. *Id.* at 613. The court held that the statute of limitations began to run when the contributions were made and that the action was barred. We do not question the holding, but it is hardly relevant to the issue before us.

We have considered carefully all of the arguments made by defendant and the other cases on which he relies and are not persuaded.

We hold that under the indictment and prosecutor's offer of proof the defendant continued to commit acts of tax evasion through January 1983 and, therefore, the statute of limitations did not bar his prosecution.

*Affirmed.*