**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 10 2003**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

　　　　Plaintiff - Appellee,

v.

LARRY F. ANDERSON,

　　　　Defendant - Appellant.

No. 01-4260

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
(D.C. No. 2:99-CR-131-C)

---

Submitted on the briefs:

Thomas N. Thompson, Haskins & Associates, P.C., Salt Lake City, Utah,
for Defendant-Appellant.

Paul M. Warner, United States Attorney, Elizabethanne C. Stevens, Assistant
United States Attorney, Salt Lake City, Utah, for Plaintiff-Appellee.

---

Before **BRISCOE** , Circuit Judge, **BRORBY** , Senior Circuit Judge, and **HARTZ** ,
Circuit Judge.

---

**BRISCOE** , Circuit Judge.

Appellant Larry F. Anderson appeals his conviction for tax evasion, a violation of 26 U.S.C. § 7201. He argues that his tax liability arose in 1992 and the six-year statute of limitations applicable to tax evasion cases had expired when the government filed its indictment against him in 1999.[1] We join our sister circuits in holding that in tax evasion cases where, as here, the defendant commits acts of evasion after incurring a tax liability, the statute of limitations begins to run on the date of the last affirmative act of evasion. In this case, Anderson's final evasive act occurred in 1996. As a result, the indictment filed against Anderson in 1999 was filed well within the six-year statute of limitations. Anderson also argues that the district court committed reversible error by disqualifying his trial counsel. We conclude the district court did not err in its ruling. We affirm Anderson's conviction.

## I.

On March 24, 1999, the United States filed an indictment charging Anderson with violations of the Hobbs Act, mail fraud, tax evasion, and false statements in his tax returns. Count III charged Anderson with tax evasion under 26 U.S.C. § 7201, alleging (1) Anderson received a $50,000 payment on February

---

[1] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

28, 1991, that was placed in a Swiss bank account; (2) he received a $50,000 payment on July 1, 1991, that was placed in a Swiss bank account; (3) he filed a tax return on April 15, 1992, in which he failed to report this income and he denied any interest in a foreign bank account; and (4) on his tax returns for 1993, 1994, 1995, and 1996, he denied any interest in a foreign bank account. A jury found Anderson guilty of Count III, as well as other charges that are not appealed.

## II.

Under 26 U.S.C. § 7201, it is a felony for any person to "willfully attempt[] in any manner to evade or defeat any tax" imposed under the Internal Revenue Code. In order to prove a defendant guilty of tax evasion, the government must show (1) a substantial tax liability, (2) willfulness, and (3) an affirmative act constituting evasion or attempted evasion. *United States v. Mounkes*, 204 F.3d 1024, 1028 (10th Cir. 2000). The statute of limitations period for this offense is six years. 26 U.S.C. § 6531.

Anderson argues that, because the crime of tax evasion was complete when he filed his return on April 15, 1992, the indictment filed on March 24, 1999, fell outside the six-year statute of limitations. The government argues that because Anderson filed a false return in 1996, the prosecution was timely. We review the district court's interpretation of the statute of limitations de novo. *See Foutz v. United States*, 72 F.3d 802, 804 (10th Cir. 1995).

While neither the United States Supreme Court nor this court has addressed the issue, a number of other circuit courts have concluded that when a defendant commits a series of evasive acts over several years after incurring a tax liability, the statute of limitations begins to run on the date of the last evasive act. We previously have noted this rule is not inconsistent with our own jurisprudence, *see United States v. Payne*, 978 F.2d 1177, 1179 n.2 (10th Cir. 1992), and now expressly adopt the rule.

In *United States v. Ferris*, 807 F.2d 269, 271 (1st Cir. 1986), the defendant incurred tax liabilities in 1976 and 1977, failed to file returns in those years, made a false statement to IRS agents as late as 1983, and was indicted in 1985. *Id.* at 270. The First Circuit concluded that while the defendant incurred his tax liabilities in 1976 and 1977, his affirmative act of evasion in 1983 brought the offense within six years of the indictment. The court distinguished the felony offense of tax evasion under § 7201 from the misdemeanor offense of failing to file a tax return under § 7203. *Id.* at 271. Section 7201 criminalizes not just the failure to file a return or the filing of a false return, but the willful attempt to evade taxes *in any manner*. *Id.* In light of the fact that evasive acts following the filing of a return may be considered part of the offense, the court held that "it is the date of the latest act of evasion, not the due date of the taxes, that triggers

the statute of limitations." *Id.*[2]

The Sixth Circuit reached the same conclusion in *United States v. Dandy*, 998 F.2d 1344, 1355 (6th Cir. 1993), emphasizing that "to hold otherwise would only reward a defendant for successfully evading discovery of his tax fraud for a period of six years subsequent to the date the returns were filed."

A number of other circuits have followed suit. *See United States v. Wilson*, 118 F.3d 228, 236 (4th Cir. 1997) (limitations period for violation of § 7201 begins to run at date of last affirmative act of evasion); *United States v. Winfield*, 960 F.2d 970, 973-75 (11th Cir. 1992) (acts of evasion following the filing of tax return may satisfy affirmative act element of the offense of tax evasion under 26 U.S.C. § 7201; therefore, prosecution is timely so long as last affirmative act of evasion occurred within six years of filing indictment); *United States v. DeTar*, 832 F.2d 1110, 1113 (9th Cir. 1987) ("Even if the taxes evaded were due and payable more than six years before the return of the indictment, the indictment is timely so long as it is returned within six years of an affirmative act of evasion."); *United States v. Trownsell*, 367 F.2d 815, 816 (7th Cir. 1966) (where indictment

---

[2] While this formulation of the rule is correct under the facts of *Ferris* where the defendant committed acts of evasion after incurring a tax liability, under some circumstances the limitations period will begin to run on the due date of the taxes. For example, this may be true when the crime of tax evasion is completed when defendant fails to file a return and no subsequent evasive acts occur. *See, e.g., Payne*, 978 F.2d 1177; *United States v. King*, 126 F.3d 987 (7th Cir. 1997).

charged conduct ending on February 2, 1961, indictment returned April 16, 1964, was timely).

## III.

This court previously has addressed the question of the limitations period in tax evasion cases under different circumstances. In *Payne*, 978 F.2d 1177, the defendant's evasive act preceded his tax liability and, as a result, we did not address the precise question of when the limitations period should run where the defendant commits acts of evasion after incurring a tax liability.

In *Payne*, the defendant provided false social security numbers to banks in connection with certain accounts which were opened between 1977 and 1984. *Id.* at 1178. The IRS issued 1099 forms for the years 1984-1987, but the defendant did not file returns in those years. *Id.* In March 1991, the defendant was indicted for tax evasion for the tax years 1984-1987, and he contested his prosecution on statute of limitations grounds. *Id.* at 1178-79. This court held that while the defendant's evasive acts took place only between 1977 and 1984, the subsequent tax liabilities incurred through 1987 brought the offense within the statute of limitations. *Id.* Stated another way, while the defendant's crime was complete as early as 1984, his additional tax liabilities, in combination with existing acts of evasion, extended the offense into the limitations period. We further examined the case law of other circuits at length, and found our reasoning consistent with

-6-

those decisions holding that subsequent evasive acts extended the duration of the offense:

> Several circuits have held that a prosecution under § 7201 is timely if commenced within six years of the last affirmative act of evasion. Courts have relied on this reasoning to extend the statute of limitations beyond six years after the defendant has incurred a tax deficiency when the defendant has taken a subsequent affirmative act to conceal his crime. Moreover, the Supreme Court has held that when the defendant, charged under § 7201, files a false tax return subsequent to the due date, the statute of limitations begins running when the return is filed rather than when the return is due. We have similarly held that when the defendant files a false amended return after the due date, the statute of limitations in a tax evasion prosecution does not begin to run until filing of the amended return rather than the original due date. We do not read these cases to stand for the proposition that the statute of limitations always commences at the point the defendant takes his final affirmative act to evade taxes. Rather, these cases are consistent with our holding that the statute of limitations in a 7201 prosecution does not begin to run until the defendant has taken an affirmative act *and* incurred a tax deficiency.

*Id.* at 1179 n.2 (citations omitted).

The Seventh Circuit faced a factual scenario similar to *Payne* in *United States v. King*, 126 F.3d 987 (7th Cir. 1997). In *King*, the defendant filed a false W-4 in 1987, kept the form on file through 1993, and failed to pay taxes through 1993. *Id.* at 989. The defendant was charged with tax evasion in 1996, and argued that the limitations period had expired in light of the fact that his last affirmative act was in 1987. *Id.* The court agreed that merely leaving the W-4 on file did not constitute an affirmative act and therefore the last act of evasion

-7-

occurred in 1987.  Nonetheless, by continuing to incur new tax liabilities (which were concealed by the evasive act of 1987), the defendant extended the duration of the offense.  *Id.* at 993.  However, the Seventh Circuit also adheres to the rule that in cases where the defendant commits acts of evasion after incurring a tax liability, the statute of limitations runs from the last affirmative act.  *Trownsell*, 367 F.2d at 816.

In *Payne*, as in *King*, the defendant incurred additional tax liabilities after taking an affirmative evasive act, and we concluded this extended the duration of the offense.  In the instant case, as in the other circuit court decisions discussed above and noted in *Payne*, the defendant took additional evasive acts after incurring a tax liability, similarly extending the duration of the offense.  Thus, Anderson's affirmative acts of evasion through 1996 brought the offense within the limitations period.  This holding is consistent with our own precedent and precedent in other circuits.

## IV.

Anderson also argues that the district court erred in disqualifying his chosen trial counsel.  Under certain circumstances, we review the district court's decision to disqualify counsel for an abuse of discretion only.  *United States v. Collins*, 920 F.2d 619, 628 (10th Cir. 1990).  However, where a defendant's Sixth Amendment right to counsel is implicated, and where the district court's decision

is premised not on in-court conduct but on the interpretation of ethical norms as applied to undisputed facts, our review is de novo. *Id.*

In this case, the government moved to disqualify Anderson's trial counsel, relying on Utah Rule of Professional Conduct 3.7, which states that "a lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness." The district court agreed that disqualification was appropriate because the attorney had represented Anderson in an earlier civil matter to collect funds from an individual who was the alleged victim of fraud in Count II of the indictment. Because of counsel's personal involvement in this matter, the government argued that were counsel not disqualified, he would be free to function as an unsworn witness before the jury, or he would likely be called as a witness at trial, particularly if Anderson asserted a defense based on advice of counsel.

Under these circumstances, the district court was correct to conclude that, given counsel's involvement in matters related to the charges at hand, counsel was likely to be called as a witness in the case. In that likely event, counsel's continued representation of Anderson would threaten the integrity of the proceedings. *See Collins*, 920 F.2d at 633-34 (affirming district court's decision to disqualify attorney whose conduct violated state code of ethics

and thus threatened integrity of the proceedings).

AFFIRMED.