**UNITED STATES of America,**
**Plaintiff,**

v.

**Diane C. CHRISTENSEN, Defendant.**

**No. 2:04CR40 DS.**

United States District Court,
D. Utah,
Central Division.

May 27, 2004.

Robert K. Hunt, Utah Federal Defender Office, Salt Lake City, UT, for Defendant.

## ORDER ADDRESSING MOTION TO DISMISS INDICTMENT

SAM, Senior District Judge.

### I. INTRODUCTION

Defendant Diane C. Christensen and her husband, co-defendant Steven C. Christensen, conducted an employee leasing business through a number of business entities including Paragon Business Solutions of America and Professional Staffing Advantages (Paragon). In performing employee leasing services, Paragon was responsible for issuing paychecks to employees of client businesses and withholding taxes.

In connection with their business, the defendants opened bank accounts in November of 1996 at First Utah Bank. Paragon's client companies deposited money normally used to pay payroll into Paragon business accounts. Paragon then needed the bank to electronically withdraw money directly from the Paragon accounts and deposit that money directly into the indi-

vidual employees' bank accounts. First Utah Bank did not have the ability to perform that service directly, but could perform that service through a correspondent relationship with Zion's First National Bank. First Utah Bank was supposed to take money from the Paragon businesses' accounts and put it into the First Utah Bank investment account, so that Zion's First National Bank could withdraw the money to make the direct deposits to the employees' accounts. First Utah Bank failed to remove the money from the Paragon businesses' accounts.

The indictment states that First Utah Bank negligently failed to remove over twelve million dollars that should have been removed from the Paragon accounts. Defendant Diane C. Christensen and her husband, Steven, told First Utah Bank about the failure to take the money from the Paragon accounts to replenish the First Utah Bank investment account. They then spent approximately 1.2 million dollars that had been left in the Paragon accounts.

## II. COUNTS 1–21. FRAUDULENT RECEIPT OF BANK FUNDS (18 U.S.C. § 1005)

Defendant Diane C. Christensen moves the Court to dismiss counts 1–21 of the indictment on the grounds that 18 U.S.C. § 1005 applies only to bank insiders and their accomplices, not to bank customers. Defendant argues that the bank was negligent in failing to transfer the funds, and since there is no allegation of criminal intent on the part of the bank, § 1005 does not apply.

■ Defendant relies on two cases to support her argument. In *U.S. v. Barel,* 939 F.2d 26 (3rd Cir.1991), the defendant had opened a bank account under a fictitious name using a fictitious social security number. The court looked at the legislative history of § 1005 and determined that

the first three paragraphs, which were revisions of a previous statute, "must be construed as applying only to bank officers, directors, agents, or employees, and not to the public at large or customers otherwise unconnected to the protected bank." *Barel* at 40.

Defendant also relies heavily on *U.S. v. Ortiz,* 906 F.Supp. 140 (E.D.N.Y.1995). In *Ortiz,* the defendant was indicted for money laundering, including counts alleging violation of the third paragraph of § 1005, which prohibits the making of false entries in books, reports, or statements of a bank. The court discussed the *Barel* case and held that " § 1005 does not apply to bank customers who, acting in their own personal interest, gave false information to the bank." *Id.* at 144. Taken alone, these two cases support Defendant's position that § 1005, or at least the first three paragraphs of § 1005, would not apply to her as a bank customer.

However, in a more recent Eighth Circuit case, *United States v. Van Brocklin,* 115 F.3d 587 (8th Cir.1997), the court rejected a similar argument by the defendant. The court said it did not need to decide whether the *Barel* court correctly interpreted Congress' intent with regard to paragraph three, because paragraph four has a very different history than the rest of § 1005. Paragraph four was added to the statute in 1989 as part of the Financial Institutions Reform Recovery, and Enforcement Act (FIRREA). The *Van Brocklin* court discussed the legislative history of paragraph four, and then held, "when a person 'with intent to defraud ... participates or shares in or receives' funds derived from a transaction with the bank, that person may be convicted under paragraph four of § 1005, regardless of whether he or she is a bank employee, officer, director, or agent." *Van Brocklin,* at 597.

Defendant argues that the indictment is silent as to which paragraph of § 1005 the United States will rely on. However, the wording of Grand Jury Charge # 14 is clearly taken directly from paragraph four of the statute, indicating that the government intended to rely on that paragraph.

Defendant also argues that the *Van Brocklin* case differs factually from the present case, and therefore that it does not apply. Although the bank president in *Van Brocklin* was involved in the illegal activities, the court clearly did not limit their holding to bank insiders and their accomplices. The court noted that paragraph four is not limited by its terms to bank insiders, nor is the conduct it criminalizes-receipt of funds derived from a bank transaction with intent to defraud-the type of conduct that would in most cases require insider status or access to bank records. *Van Brocklin*, at 597.

Finally, Defendant raises two additional issues with regard to this portion of the indictment. First is the issue of whether the Defendant had the intent to defraud required by § 1005, and second is whether "bank" funds were involved in this case. Both of these are factual determinations that should be reserved for the jury, and they are irrelevant to this court's determination of whether 18 U.S.C. § 1005 applies to this case.

After reviewing the legislative history and the rationale of the *Van Brocklin* case, this court holds that § 1005 does apply to the facts of this case, and therefore, the motion to dismiss counts 1–21 is denied.

### III. COUNT 22. CONSPIRACY (18 U.S.C. § 371)

Count 22 of the indictment charges that the defendants "did combine, conspire, confederate and agree with each other to defraud the Internal Revenue Service by impeding, impairing, obstructing, and defeating the lawful government functions of the Internal Revenue Service in the ascertainment, computation, assessment and collection of federal income and employment taxes." The indictment lists seven overt acts that constitute the conspiracy.

The defendant claims that because none of the overt acts listed contain the word "willful" or other equivalent words, under 26 U.S.C. § 6531 the statute of limitations is three years, which has already run. Her argument is that the exceptions in § 6531 that increase the statute of limitations to six years all require that the offenses be willful and intentional. She cites no case law in support of her assertion that for an overt act to be properly alleged, it must contain the word "willful."

The government points out that neither subsection one nor subsection eight of section 6531 requires willful conduct: "(1) for offenses involving the defrauding or attempting to defraud the United States or any agency thereof, whether by conspiracy or not, and in any manner;" and "(8) for offenses arising under section 371 of Title 18 of the United States Code, where the object of the conspiracy is to attempt in any manner to evade or defeat any tax or the payment thereof." Both of these subsections apply to this indictment.

The Tenth Circuit, in *United States v. Brunetti*, 615 F.2d 899 (10th Cir.1980), affirmed the trial court's holding that the applicable statute of limitations in that case was the six-year statute provided for in 26 U.S.C. § 6531. The wording in that indictment was almost identical to the wording in the present indictment. The defendants were charged with "unlawfully conspiring to defraud the United States by impeding, impairing, obstructing and defeating the lawful efforts of the Internal Revenue Service to ascertain, compute, assess and collect income taxes." *Id. at* 900. The court held that the indictment was

within both subsections one and eight of § 6531, and therefore the six-year statute of limitations applied.

This court holds that under *Brunetti*, sections one and eight of § 6531 apply to the present case, and therefore the six-year statute of limitations applies. Accordingly, the motion to dismiss count 22 of the indictment is denied.

## IV. COUNT 23. FILING FALSE TAX RETURNS (26 U.S.C. § 7206(1))

■ Count 23 of the indictment charges that on or about November 23, 1998 the defendant filed a false tax return. A six-year statute of limitations applies. The defendant argues that the statute of limitations did not commence when the return was filed, but rather when it was due, in this case January 31, 1997.

■ The defendant cites two cases, *U.S. v. Mauser*, 723 F.Supp. 995 (S.D.N.Y.1989) and *U.S. v. Payne*, 978 F.2d 1177 (10th Cir.1992), for the proposition that the statute of limitations for filing false returns begins to run from the due date for filing regardless of the date of actual filing. The general rule is that the statute of limitations for the filing of a false tax return starts to run on the day the return is filed. *U.S. v. Habig*, 390 U.S. 222, 88 S.Ct. 926, 19 L.Ed.2d 1055 (1968). If a return is filed late, the statute of limitations begins to run from the time the return is filed. *Id.* at 225, 88 S.Ct. 926. The *Mauser* and *Payne* cases are factually distinguishable from the present case. In those cases, the false tax returns were filed *prior to* the date they were due. The courts held that although the affirmative act of evasion was committed before the return due date, there was no tax deficiency incurred until the return was due; therefore the statute of limitations did not begin to run until the due date.

The 10th Circuit Court in *U.S. v. Anderson*, 319 F.3d 1218 (10th Cir.2003),

stated that because the evasive act of the defendant in the *Payne* case preceded his tax liability, the court did not address the running of the statute of limitations when a defendant commits acts of evasion after incurring a tax liability. The *Anderson* court then expressly adopted the rule "that when a defendant commits a series of evasive acts over several years after incurring a tax liability, the statute of limitations begins to run on the date of the last evasive act." *Id.* at 1219.

The Supreme Court in *Habig* dismissed an argument similar to the defendant's in this case-that the statute begins to run from the due date of the return, regardless of whether the return is filed later. The court held that this argument is "surprising," because it asserts that "Congress intended the limitations period to begin to run before appellees committed the acts upon which the crimes were based." *Id.* at 225, 88 S.Ct. 926. This reasoning applies to the present case. It would not make sense for the statute of limitations to begin running in December of 1996, when the false return was not actually filed until November 1998.

Therefore, the motion to dismiss count 23 of the indictment is denied.

## V. COUNTS 24–27. AIDING AND ASSISTING IN FALSE TAX RETURNS (26 U.S.C. § 7206(2))

■ Counts 24–27 charge that the defendant paid certain employees more than the amount reported on their W–2 forms. She told the employees she would take care of the tax on the income paid in that manner, which she did not do. She has been charged under 26 U.S.C. § 7206(2) with aiding and assisting in filing false tax returns. The defendant contends that these counts are barred by the statute of limitations. Her argument is not well taken. The wording of § 7206(2) is almost

identical to § 6531(3), which states that the period of limitation is six years "for the offense of willfully aiding or assisting in, or procuring, counseling, or advising, the preparation or presentation under, or in connection with any matter arising under, the internal revenue laws, of a false or fraudulent return...." Subsection (3) clearly applies to the § 7206(2) counts. The oldest acts alleged in the Indictment occurred on April 15, 1998, well within the six-year statute.

The motion to dismiss counts 24–27 is denied.

## VI. COUNT 28. FAILURE TO FILE INCOME TAX RETURN (26 U.S.C. § 7203)

 Count 28 charges that by October 15, 1997, the defendant had failed to file an income tax return for the calendar year 1996. The defendant argues that the due date should have been April 15, 1997, not October 15. If the due date were April 15, 1997, the six-year statute of limitations would have run on April 15, 2003, and count 28 would be barred.

However, the government notes that it believes the evidence at trial will show that the defendant obtained an extension or extensions to file her 1996 income tax return until October 15, 1997, thus making the statute of limitations expire on October 15, 2003. A misdemeanor information was filed prior to that date (as reflected in the case file) and was within the statute of limitations. Therefore, The defendant's motion to dismiss count 28 is also denied.

## VII. COUNT 30. FAILURE TO FILE INCOME TAX RETURN (26 U.S.C. § 7203)

 Count 30 of the Indictment charges that the defendant failed to file an income tax return for the calendar year 1997 by October 15, 1998. The defendant alleges that this count should be dismissed be-cause of the use of October 15,1998 with-out an explanation of why that date was used. She argues that she cannot defend against "a charge that is vague and lacks clear definition." The court, however, fails to see how this charge is vague or lacking in definition. The Indictment clearly puts the defendant on notice that her return was due on or before October 15, 1998. The only question remaining is whether the United States can provide evidence at trial to prove that the return was indeed due on that date.

For the above reasons, the defendant's motion to dismiss count 30 is also denied.

## VII. CONCLUSION

For the foregoing reasons Defendant's Motion to Dismiss Indictment is denied.

SO ORDERED.