**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 29, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellant /
        Cross-Appellee,

v.

MARY CAROL S. JOHNSON;
JAMES W. SMITH,

        Defendants - Appellees /
        Cross-Appellants,

and

MARIAN S. BARNWELL; BILLIE
ANN S. DEVINE; EVE H. SMITH,

        Defendants.

Nos. 17-4083, 17-4093 & 18-4036

---

**APPEALS FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**
**(D.C. NO. 2:11-CV-00087-CW)**

---

Clint A. Carpenter, Attorney, Tax Division, Department of Justice (John W. Huber, United States Attorney, Of Counsel; Richard E. Zuckerman, Principal Deputy Assistant Attorney General; Arthur T. Catterall, Attorney, Tax Division, Department of Justice, with him on the briefs), Washington, D.C., for Plaintiff-Appellant/Cross-Appellee.

Thomas R. Barton, Prince, Yeates & Geldzahler (James A. Boevers, Prince, Yeates & Geldzahler; David E. Sloan and Jennifer A. Whitlock, Sloan & Sloan,

P.C., with him on the briefs), Salt Lake City, Utah, for Defendants-Appellees/Cross-Appellants.

Before **TYMKOVICH**, Chief Judge, **MURPHY** and **HARTZ**, Circuit Judges.

**MURPHY**, Circuit Judge.

## I.    Introduction

The three consolidated appeals currently before this court involve an action brought by the Government to collect unpaid federal estate taxes.  In Appeal No. 17-4083, the Government appeals from the district court's determination that its state-law contract claim was time-barred because it was subject to a Utah state six-year state statute of limitations.  Exercising jurisdiction under 28 U.S.C. § 1291, we conclude the state-law claim is governed by the ten-year statute of limitations set out in 26 U.S.C. § 6502(a) because the Government is proceeding in its sovereign capacity.

Appeal No. 17-4093 is a cross-appeal from the district court's ruling that the Government's transferee-liability claim, brought pursuant to 16 U.S.C. § 6324(a)(2), was timely.  Exercising jurisdiction under 28 U.S.C. § 1291, we conclude the transferee-liability claim was timely filed because the limitations

-2-

period applicable to the § 6324(a)(2) transferees is the same as the limitations period applicable to the estate.

In Appeal No. 18-4036, the Government appeals from the district court's order awarding attorney's fees to Appellees. Exercising jurisdiction under 28 U.S.C. § 1291, we conclude Appellees are not entitled to attorney's fees because the Government's position in this litigation was substantially justified. *See* 26 U.S.C. § 7430(c)(4)(B).

## II.    Background

The issues raised in these consolidated appeals arise from the Government's attempt to collect unpaid estate taxes that were assessed against the estate of Hazel Anna S. Smith (the "Estate").[1] During her lifetime, Ms. Smith (the "Decedent") created The Anna Smith Family Trust (the "Trust") and funded it with shares of stock in State Line Hotel, Inc. (the "Hotel"). The Hotel was a closely held corporation and the holder of a Nevada gaming license. At the time of her death, the Decedent was the sole trustee of the Trust. Two of her children, Mary Carol S. Johnson and James W. Smith, were named as successor trustees. The Decedent also executed a will naming Johnson and Smith as personal

---

[1] A comprehensive recitation of the full factual background in this matter can be found in the district court's memorandum decision and order. *United States v. Johnson*, 224 F. Supp. 3d 1220 (D. Utah 2016). Only the facts relevant to the three appeals currently before this court are included in this opinion.

representatives of her estate.  The Decedent died on September 2, 1991.  Her will directed that the "rest and residue" of her estate be added to the principal of the Trust to be administered by the successor trustees.

Consistent with the terms of the trust agreement, the successor trustees filed a federal estate tax return with the Internal Revenue Service ("IRS") on June 1, 1992.  The return calculated the Estate's federal estate tax liability as $6,631,448.[2]  Of that total, only $4 million was paid to the IRS at the time the return was filed.  The successor trustees made a valid election pursuant to 26 U.S.C. § 6166(a), deferring payment of the balance of the federal estate tax liability, because the Hotel stock accounted for more than thirty-five percent of the Decedent's adjusted gross estate.  The ten annual installment payments would begin on June 2, 1997 and end on June 2, 2006.  The IRS assessed the Estate for the unpaid estate taxes on July 13, 1992.

Although the assessed estate taxes remained unpaid, the successor trustees distributed Hotel stock from the Trust to the trust beneficiaries on December 31, 1992.  This distribution was motivated by Nevada restrictions on casino ownership by a trust.  Cognizant of the outstanding federal estate tax liability,

---

[2]In May 1995, the IRS issued a Notice of Deficiency against the Estate based on a challenge to the valuation of the Hotel stock.  The parties settled the disputed amount and the Estate agreed to pay additional federal estate taxes of $240,381.

however, the successor trustees and the trust beneficiaries executed an agreement

(the "Distribution Agreement") that contained the following provision:

> Liability for Taxes. Each of the BENEFICIARIES acknowledges
> that the assets distributed to him or her will accomplish a complete
> distribution of the assets of the Trust. A portion of the total federal
> estate tax upon the Estate of Anna Smith is being deferred and is the
> equal obligation of the BENEFICIARIES to pay as the same becomes
> due. Likewise, if, upon audit, additional federal estate taxes or Utah
> inheritance taxes are found to be owing, the responsibility for any
> such additional taxes, interest or penalties will be borne equally by
> the BENEFICIARIES.

The beneficiaries identified in the Distribution Agreement were the Decedent's

children: Johnson, Smith, Marian S. Barnwell, and Billie Ann S. Devine.

The Hotel filed for Chapter 11 bankruptcy in January 2002. Beginning

with the annual installment payment due on June 2, 2002, the Estate ceased

making payments of the deferred federal estate taxes. The IRS declared the

installment agreement to be in default as of December 18, 2003. In June 2005,

the IRS learned of the existence of the Distribution Agreement.

In 2011, the Government filed a complaint naming the Decedent's

children—Johnson, Smith, Barnwell, and Devine—as defendants and seeking

recovery of $1,569,851 in unpaid federal estate taxes.[3] The Government's

---

[3]The Decedent's children were also the beneficiaries of the Trust and the
signatories to the Distribution Agreement. The wife of defendant Smith was also
named as a defendant but she was dismissed from the case by the district court.
Defendants Barnwell and Devine died during the pendency of this lawsuit and the
(continued...)

original complaint raised multiple claims for relief, one of which is relevant to Appellees' cross-appeal. In the relevant claim, the Government alleged all four of the Decedent's children were liable for the Estate's unpaid federal estate taxes to the extent they received property included in the gross estate (the "§ 6324(a)(2) claim"). *See* 26 U.S.C. § 6324(a)(2). Appellees' motion to dismiss the § 6324(a)(2) claim was granted in part and denied in part. The district court determined that the Government's § 6324(a)(2) claim was not time-barred, but that it could only be asserted as to the life insurance proceeds received by Appellees. Because Appellees conceded liability as to the life insurance proceeds, the district court entered judgment in favor of the Government on the § 6324(a)(2) claim but only to the extent of those distributions.

The Government moved to file an amended complaint in August 2012.[4] In its amended complaint, the Government sought to enforce rights as a third-party beneficiary of the Distribution Agreement (the "third-party beneficiary claim"). The district court granted judgment in favor of Appellees on the claim,

---

[3](...continued)
Government failed to substitute their estates as defendants. Accordingly, only Johnson and Smith are the appellees and cross-appellants in this matter. They will be hereinafter referred to as "Appellees."

[4]Although Defendants filed a written consent to the amendment, the district court did not grant the motion until July 30, 2013.

concluding it was untimely under Utah law and rejecting the Government's argument that the timeliness of the claim was governed by federal law.

## III. Discussion

### A. Timeliness of the Third-Party Beneficiary Claim

In Appeal No. 17-4083, the Government appeals the judgment entered in favor of Appellees on its state-law claim as a third-party beneficiary of the Distribution Agreement. The Government moved for summary judgment on this claim in March 2015, arguing it was the intended beneficiary of the Distribution Agreement because the Decedent's children agreed therein to pay any estate taxes as they became due and payable. *See Tracy Collins Bank & Trust v. Dickamore*, 652 P.2d 1314, 1315 (Utah 1982) ("Where it appears from the promise or the contracting situation that the parties intended that a third party receive a benefit, then the third party may enforce his rights in the courts and is deemed a donee beneficiary."). In their written opposition to the Government's motion, Appellees conceded the Government is a third-party beneficiary of the Distribution Agreement but argued the claim was untimely because it was not filed within the six-year Utah statute of limitations applicable to contract claims. *See* Utah Code Ann. § 78B-2-309(2).

The district court agreed with Appellees and dismissed the Government's third-party beneficiary claim as time-barred. The court rejected the Government's argument that the timeliness of the claim is governed by the ten-year federal

-7-

statute of limitations applicable to an action brought to collect assessed taxes. *See* 26 U.S.C. § 6502(a). We review statute of limitations questions de novo. *United States v. Anderson*, 319 F.3d 1218, 1219 (10th Cir. 2003).

The sole question before this court is whether the six-year statute of limitations set out in Utah Code Ann. § 78B-2-309(2) or the ten-year statute of limitations set out in 26 U.S.C. § 6502(a) is applicable to the Government's third-party-beneficiary claim. The Supreme Court has previously stated that "[w]hether in general a state-law action brought by the United States is subject to a federal or state statute of limitations is a difficult question." *United States v. California*, 507 U.S. 746, 758 (1993). Here, however, Supreme Court and Tenth Circuit precedent dictates the result advocated by the Government.

In *United States v. Summerlin*, the Supreme Court held that "the United States is not bound by state statutes of limitation . . . in enforcing its rights," even if the suit is brought in state court. 310 U.S. 414, 416 (1940). The Court summarized the generally applicable rule as follows: "When the United States becomes entitled to a claim, acting in its governmental capacity and asserts its claim in that right, it cannot be deemed to have abdicated its governmental authority so as to become subject to a state statute putting a time limit upon enforcement." *Id*. at 417. In *United States v. Holmes*, this court applied *Summerlin* to the question of whether the ten-year limitations period set out in § 6502(a) governed the Government's attempt to collect corporate taxes from the

-8-

corporation's sole shareholder, defendant Holmes. 727 F.3d 1230, 1232 (10th Cir. 2013). The taxes were assessed against the corporation but were unpaid at the time the corporation wound up its operations and made distributions to Holmes. *Id*. at 1231. The Government filed suit against Holmes, raising only state-law claims. *Id*. at 1232. Holmes argued the Government's claims were subject to a two-year state statute of limitations. *Id*. at 1233. This court ruled otherwise, concluding the Government's claims were "in every real sense a proceeding in court to collect a tax" and, thus, the Government was "acting in its sovereign capacity in an effort to enforce rights ultimately grounded on federal law." *Id*. at 1235 (quotation omitted). Appellees argue that *Holmes* is distinguishable from this matter because the shareholder's liability in that case was based on transferee liability, not a contract as it is here. This factual difference is not material.

*Holmes* clearly stands for the proposition that the Government is always acting in its sovereign capacity when it seeks to collect unpaid federal taxes. It is immaterial whether its claim to payment arises under federal or state statutory or common law. The only relevant question is whether the Government's suit, if successful, will result in the defendant's liability to pay federal taxes the Government has assessed against a taxpayer. If so, then the federal statute of limitations applies. Appellees' attempts to distinguish the facts in *Holmes* are

unpersuasive.[5]  Because the Government's third-party-beneficiary claim seeks to

hold Appellees liable for the payment of unpaid estate taxes assessed against the

Estate, § 6502(a) supplies the statute of limitations applicable to the

Government's claim.

The Government asserts that we can grant summary judgment in its favor

on the third-party-beneficiary claim because it was timely filed and Appellees

have conceded liability.[6]  Appellees, however, raise multiple challenges to the

timeliness of the Government's claim even under the ten-year statute of

limitations.  Because these arguments are raised for the first time in Appellees'

appellate brief, they are waived and we do not address them.  Attempting to avert

the waiver, Appellees assert they were not required to challenge whether the

---

[5]The district court ruled in Appellees' favor based on its interpretation of the Supreme Court's ruling in *United States v. California*, 507 U.S. 746 (1993). In *California*, however, the Court held that the Government was not proceeding in its sovereign capacity. *Id*. at 757-58.  It was, instead, attempting to proceed as a subrogee, seeking to recover *California* taxes allegedly overpaid by a federal contractor. *Id*.  Accordingly, the Court held that *Summerlin* did not control the statute of limitations question. *Id*. at 758.  Here, the Government is not asserting rights as a subrogee.  As we conclude *supra*, it is asserting its own sovereign right to collect *federal* taxes it previously assessed.  Thus, *Summerlin* controls and the analysis in *California* is inapplicable.

[6]Defendants do not challenge the Government's assertion that they have conceded liability, nor could they.  Their response to the Government's motion for summary judgment states: "No payments were made, and it is undisputed that the section 6166 payment extension defaulted in 2003.  Thus, all of the deferred estate tax (plus interest and penalties) became due and payable before the end of 2003.  When the [Appellees] failed to pay their respective shares, each of them breached the [Distribution] Agreement."

-10-

Government's claim is time-barred under the ten-year statute of limitations because the Government did not argue application of the ten-year period in its motion for summary judgment.[7] This argument is based on a mistaken view of the applicable burden. A challenge to the timeliness of a claim is an affirmative defense that must be raised by the party alleging the claim is time-barred. *See Cortez v. Wal-Mart Stores, Inc.*, 460 F.3d 1268, 1276 (10th Cir. 2006). Thus, it was always Appellees' burden to show the third-party beneficiary claim was untimely.

## B. Transferee Liability

The Government also asserted a claim pursuant to 26 U.S.C. § 6324(a)(2), arguing Appellees were personally liable for the estate tax to the extent of the value of the life insurance proceeds they received. In Appeal No. 17-4093, Appellees challenge the district court's conclusion that the Government's § 6324(a)(2) claim was timely filed. We review de novo the district court's ruling on the statute of limitations applicable to the Government's claim. *Anderson*, 319 F.3d at 1219.

---

[7]In their response to the Government's motion for summary judgment, Appellees argued only that the third-party beneficiary claim was time barred under Utah's six-year statute of limitations. In their sur-reply in opposition to the Government's motion for summary judgment, Appellees did not mention the Government's third-party beneficiary claim even though the Government had argued in its reply that the claim was governed by the ten-year limitations period set out in 26 U.S.C. § 6502.

Under § 6324(a)(2), a person who holds or receives property included in a decedent's gross estate is personally liable for the estate tax to the extent of the date-of-death value of the property received. Appellees do not dispute that they are transferees under § 6324(a)(2) because they received life insurance proceeds includible in the Decedent's estate. The sole dispute between the parties centers on whether the Government's § 6324(a)(2) claim was timely filed.

The Government generally has ten years to collect estate taxes from a decedent's estate, either "by levy or by a proceeding in court." 26 U.S.C. § 6502(a)(1). Here, the ten-year limitations period was suspended pursuant to 26 U.S.C. § 6503(d) because the Estate made a deferment election pursuant to 26 U.S.C. § 6166. The parties agree the Estate was timely assessed on July 13, 1992, and the § 6166 election terminated on December 15, 2003, when the Estate failed to make an installment payment. *See* 26 U.S.C. § 6166(g)(3). The Government filed suit on January 21, 2011, raising the § 6324(a)(2) claim in its complaint.

Appellees argue § 6503 does not suspend the statute of limitations for § 6324(a)(2) transferees even if a valid § 6166 election suspends the limitations period for the estate. Instead, they argue, the limitations period set out in § 6901(a) governs transferee liability. Section 6901(a) provides that an assessment against a transferee shall be made within one "year after the expiration of the period of limitation for assessment against the transferor." 26 U.S.C.

§ 6901(c). Appellees argue the Government never timely and properly assessed them by following the procedure set out in § 6901(a). It is well-settled, however, that § 6901 sets out an *alternative* collection procedure applicable to transferees who receive property from a decedent's estate. *United States v. Russell* (*Russell I*), 461 F.2d 605, 606 (10th Cir. 1972). Section 6901 is inapplicable in this matter because the Government chose to bring its transferee-liability claim pursuant to § 6324(a)(2). *Holmes*, 727 F.3d at 1234 ("The collection procedures contained in § 6901 are not exclusive and mandatory, but are cumulative and alternative to the other methods of tax collection recognized and used prior to the enactment of § 6901 and its statutory predecessors." (quoting *Russell I*, 461 F.2d at 606)); *see also United States v. Geniviva,* 16 F.3d 522, 524 (3d Cir. 1994) (relying on the reasoning in *Russell I* to hold "that an individual assessment under 26 U.S.C. § 6901 is not a prerequisite to an action to impose transferee liability under 26 U.S.C. § 6324(a)(2)").

Appellees argue our settled precedent in *Holmes* and *Russell I* does not control the outcome in this matter because the Estate made a § 6166(a) election and, thus, the Government is required to follow the assessment procedures set out in § 6901. Appellees' reasoning as to why the Government must proceed under § 6901 when an estate makes a § 6166(a) election is less than clear.[8] But,

---

[8]During oral argument in this matter, Appellees characterized their § 6901 (continued...)

regardless of its specifics, Appellees' extensive argument centering on § 6901 cannot be reconciled with this court's holding in *United States v. Botefuhr*, 309 F.3d 1263 (10th Cir. 2002).

Defendants concede in their opening brief that "the statute of limitations against the Estate was still open when the Government brought this lawsuit in January 2011 because section 6503(d) suspended the running of the statute while the section 6166 election was in effect." This concession is relevant because we held in *Botefuhr* that "if an action could be timely commenced against a donor under the provisions of § 6501 and § 6502, an action against the donee under § 6324(b) will be considered timely." 309 F.3d at 1281. Although *Botefuhr* addressed a transferee's liability for assessed but unpaid gift taxes, its holding is equally applicable to assessed but unpaid estate taxes. *Id*. at 1276 n.9 (expressly stating that the transferee liability ruling applied to both estate and gift taxes because "the gift tax and estate tax provisions are *in pari materia* and must be construed together" (quotation omitted)). Accordingly, under *Botefuhr*, the Government's claim was timely filed because it was brought less than ten years

_____

[8](...continued)
argument as "pretty much the same" as the analysis set out in the dissenting opinion in *United States v. Holmes*, 727 F.3d 1230, 1240-46 (10th Cir. 2013). Whether an accurate description of their written argument or not, the *Holmes* majority held to the contrary.

after the Estate defaulted.  *See* 26 U.S.C. § 6502(a) (setting out a ten-year statute of limitations).

Appellees make only a fleeting reference to *Botefuhr* in their opening brief. They, instead, discuss this court's holding in *United States v. Russell* (*Russell II*), 532 F.2d 175 (10th Cir. 1976), erroneously attributing the rule adopted in *Botefuhr* to *Russell II* and then attempting to distinguish the facts in *Russell II* from the facts in this matter.  *See* Cross-Appellant Br. at 16 ("However, as this Court explicitly cautioned, the holding of *Russell II* applies to the particular and limited facts of that case.  It should not be extended to this case, where the circumstances are critically different.").  During oral argument, Appellees conceded the holding in *Botefuhr* but argued the rule adopted in that case should not be extended to transferees because 26 U.S.C. § 6503(d), which suspends the limitations period for estates that make a valid § 6166 election, is inapplicable to § 6324(a)(2) transferees.

Section § 6503(d) reads as follows: "The running of the period of limitation for collection of any tax imposed by chapter 11 [26 U.S.C. §§ 2001 et seq.] shall be suspended for the period of any extension of time for payment granted under the provisions of section  . . . 6166."  26 U.S.C. § 6503(d).  Appellees assert that personal liability arising under § 6324(a)(2) is not "a tax imposed by chapter 11"

and, thus, § 6503(d) does not extend the limitations period as to transferees.[9]

Notwithstanding Defendants' insistence to the contrary, this argument is foreclosed by *Botefuhr*.

In *Botefuhr*, this court made it very clear that the limitations period applicable to a decedent's estate also governs the limitations period applicable to transferees. 309 F.3d at 1277. The references in § 6503(d) to "any tax imposed by chapter 11" has no impact on that holding. Rather, § 6503(d) is relevant in the analysis only to the extent it determines the statute of limitations applicable to the estate. And, once the limitations period for the estate is determined, *Botefuhr* unambiguously holds that a § 6324 claim can be brought against a transferee within that same period. *Id*. Appellees' argument that § 6503(d) does not "extend the limitations period for transferees" ignores *Botefuhr*'s definitive holding that the limitations period for transferees is the same as the limitations period for the estate.[10] Here, Appellees concede the Government filed its

---

[9]Appellees' argument that § 6503(d) is inapplicable to transferees would significantly worsen the situation of a transferee who receives property from an estate that makes a § 6166 election. Under Appellees' theory, in that circumstance the Government could immediately proceed to collect the unpaid (but deferred) taxes from the transferee notwithstanding the fact the deferral period had not yet run against the estate, which may have more than sufficient assets to eventually pay the tax.

[10]As we stated in *United States v. Botefuhr*, 309 F.3d 1263, 1277 (10th Cir. 2002), § 6324 does not contain an explicit statute of limitations. Hence, our reasoning that the statute of limitations governing transferees must be the same as
(continued...)

§ 6324(a)(2) claim before the statute of limitations ran against the Estate.  Thus, the Government's claim is timely.

## C.    Attorney's Fees

After the district court entered judgment in favor of Appellees on the Government's third-party beneficiary claim, Appellees moved for an award for attorney's fees and costs.  The district court granted the motion on January 8, 2018.  In Appeal No. 18-4036, the Government asks us to reverse the award of attorney's fees, arguing the position it took in the litigation was substantially justified.  *See* 26 U.S.C. § 7430(c)(4)(B).  Whether the Government's position was substantially justified is an issue we review for abuse of discretion.  *Pierce v. Underwood*, 487 U.S. 552, 559 (1988).  "Under this standard of review, the district court's conclusions of law are reviewable on a *de novo* basis, and its findings of fact are to be reversed only if 'clearly erroneous'."  *United States v. 2,116 Boxes of Boned Beef*, 726 F.2d 1481, 1486 (10th Cir. 1984) (involving an analogous attorney's fee provision in the Equal Access to Justice Act).

In a "court proceeding which is brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty under this title, the prevailing party may be awarded a judgment or a settlement for . . . reasonable litigation costs incurred in connection with such

[10](...continued)
that governing the estate.

-17-

court proceeding." 26 U.S.C. § 7430(a)(2). A party other than the Government is the "prevailing party" if that person "has substantially prevailed with respect to the amount in controversy, or has substantially prevailed with respect to the most significant issue or set of issues presented." *Id*. § 7430(c)(4)(A). Even if a party substantially prevails with respect to the amount in controversy or with respect to the most significant issue or set of issues presented, it will not be treated as the prevailing party if the Government can establish that its position "in the proceeding" was substantially justified. 26 U.S.C. § 7430(c)(4)(B)(i). Substantially justified means "justified to a degree that could satisfy a reasonable person," or in other words, having a "reasonable basis both in law and fact." *Pierce,* 487 U.S. at 565. It is the Government's burden to establish that its position was substantially justified. 26 U.S.C. § 7430(c)(4)(B)(i).

The district court's judgment awarding fees and costs to Appellees was entered after the court ruled for Appellees on the Government's third-party beneficiary claim. We have, however, reversed the district court's ruling on the third-party beneficiary claim and determined that judgment should be entered on behalf of the Government. We have also affirmed the district court's determination that Appellees are liable for the unpaid estate taxes to the extent of the life insurance proceeds they received from the Estate. It would appear, then, that Appellees are no longer the prevailing parties. Appellees dispute this, arguing their victories earlier in this litigation reduced their liability from one

hundred percent to twenty-five percent.[11]  It is unnecessary for us to address

_____

[11]The district court's order on the attorney's fee issue contains a comprehensive summary of the prior proceedings on which it partially based its decision.

On January 21, 2011, the United States filed a complaint against the children of Anna S. Smith, seeking collection of an estate tax deficiency owed by her estate as a result of her death in 1991. Defendants filed a motion to dismiss on April 1, 2011 on the grounds that the government's claims were time-barred; that 26 U.S.C. § 6324(a)(2) largely did not impose personal liability upon them as beneficiaries, other than as to their receipt of insurance proceeds; and that they are not subject to fiduciary liability under 31 U.S.C. § 3713 because the estate had sufficient assets to pay the outstanding tax liability at the time the estate proceeds were distributed to the beneficiaries via a Distribution Agreement.  The court granted in part and denied in part defendants' motion to dismiss on July 29, 2013, allowing the government's section 6324 claims against the trustees and life insurance beneficiaries to proceed, and concluding that the government had stated a claim for fiduciary liability under section 3713.

On July 31, 2013, the United States filed an Amended Complaint, adding a claim seeking to foreclose against the Distribution Agreement as well as a claim as a third party beneficiary of the Distribution Agreement.  Defendants answered the Amended Complaint on August 27, 2013, asserting defenses to include the expiration of the statute of limitations as to the government's interest as a third party beneficiary to the Distribution Agreement and that the government's section 6324(a)(2) claims are barred because the property was not included in the gross estate under any of sections 2034 through 2042 of the Tax Code.  The parties filed cross motions for partial summary judgment on the government's first cause of action, namely whether Johnson and Smith, as successor trustees of the Trust, were personally liable for unpaid estate taxes under 26 U.S.C. § 6324(a)(2).  The court initially granted summary judgment in favor of the government on this claim and granted defendant's motion to amend their answer.

(continued...)

-19-

whether Appellees have substantially prevailed with respect to either the amount in controversy or the most significant issue(s) presented, because we conclude the Government's position was substantially justified and the district court's conclusion to the contrary was based on an erroneous methodology.

Because this matter involved multiple claims for relief, we cannot review the correctness of the district court's ruling that the Government's position was not substantially justified until we first determine whether the term "position," as used in 26 U.S.C. § 7430(c)(4)(B) means (1) the Government's overall contention as to the liability of the Decedent's children for the unpaid estate taxes or (2) the individual arguments made by the Government on each issue. The statutory language and the relevant case law counsel against the issue-by-issue analysis undertaken by the district court.

---

[11](...continued)

In the Amended Answer filed October 17, 2014, defendants asserted a defense that section 3713 liability was discharged in August 1997 pursuant to 26 U.S.C. § 2204 as a result of their tender of a special lien under 26 U.S.C. § 6324A. Defendants also filed a motion asking the court to reconsider its section 6324(a)(2) summary judgment ruling in the government's favor and instead find that trust assets were included in the gross estate under 26 U.S.C. § 2033. Following significant additional briefing, the court issued its final decision on December 1, 2016, finding for the defendants on all issues except for the liability of defendants Johnson and Smith for one quarter of their mother's life insurance benefits each received.

*United States v. Johnson,* 2018 WL 327245, at *1 (D. Utah Jan. 8, 2018).

The Supreme Court has provided some guidance on the meaning of the term "position," albeit in a slightly different context. In *Commissioner v. Jean*, the Court addressed the meaning of "position" as used in the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, and concluded that "[w]hile the parties' postures on individual matters may be more or less justified, the EAJA—like other fee-shifting statutes—favors treating a case as an inclusive whole, rather than as atomized line-items." 496 U.S. 154, 161-62 (1990). As the Government concedes, *Jean* addressed the question of whether the position of the Government included pre-litigation conduct; it did not directly address the situation of multiple claims for relief raised by the government in one lawsuit. The Court's reasoning, however, is still persuasive on the question of whether the analysis of the Government's position should be conducted at the macro or micro level. Further, in *Hackett v. Barnhart*, this court implied that the substantial-justification inquiry should center on the Government's position considered as a whole, and not on "individual matters [that] may have been more or less justified." 475 F.3d 1166, 1173-74 (10th Cir. 2007) (quotation omitted) (discussing the fee provision in the EAJA). The Fourth Circuit Court of Appeals has considered the question in the context of the EAJA and concluded that the substantial-justification inquiry should focus holistically on "whether the government acted reasonably in causing the litigation or in taking a stance during the litigation." *Roanoke River Basin Assoc. v. Hudson*, 991 F.2d 132, 139 (4th

Cir. 1993); *see also id*. at 138 (defining the issue presented as whether courts should "focus only on the issue on which the fee petitioning party prevailed or on the entire litigation when determining whether the government's position was substantially justified"). The Fourth Circuit's in-depth analysis of the issue is persuasive and consistent with *Jean*, *Hackett*, and the statutory language of § 7340 which does not use the terms "issue" and "position" interchangeably. Accordingly, we conclude the district court erred by improperly focusing on the *correctness* of the Government's argument on each *claim for relief* rather than properly focusing on whether there was a "reasonable basis both in law and fact" for the Government's overall *position* in the litigation. *Pierce*, 487 U.S. at 565.

Under the holistic approach, the inquiry in a multi-issue lawsuit brought by the Government to collect unpaid taxes should focus "not on the government's success or failure [on a particular issue], but on the reasonableness of its position in bringing about or continuing the litigation." *Roanoke River Basin Assoc.,* 991 F.2d at 139. Further, we must keep in mind that § 7430, like the fee provision in the EAJA, constitutes a partial waiver of the Government's sovereign immunity and, thus, it should be construed narrowly in favor of the Government. *See Ardestani v. INS*, 502 U.S. 129, 137, (1991) ("EAJA renders the United States liable for attorney's fees for which it would not otherwise be liable, and thus amounts to a partial waiver of sovereign immunity."); *Adamson v. Bowen*, 855 F.2d 668, 671 (10th Cir. 1988) ("We recognize that courts must construe waivers

of sovereign immunity strictly."). The purpose of § 7430 is to eliminate the financial disincentives associated with defending oneself "against *unjustified* government action." *Morrison v. Comm'r*, 565 F.3d 658, 659 (9th Cir. 2009) (emphasis added). If the Government's suit, as here, raises multiple claims for relief but seeks to recover only a single tax liability, it would be incongruous to conclude that its position in bringing about the litigation was unjustified when it ultimately secures a judgment for the full amount sought. This is true even if one or more of the Government's alternative claims are dismissed, because the Government cannot recover more than the amount of the tax liability regardless of how many of its claims are successful.

Here, the Government took one position in this litigation—that the Decedent's children were liable for the unpaid estate taxes. We have ruled in favor of the Government on its claim that those individuals are liable for the full amount of the unpaid taxes because the Government is a third-party beneficiary of the Distribution Agreement.[12] Thus, under the facts in this case, the Government's litigation position was substantially justified because it obtained a judgment for the full amount sought. Accordingly, we reverse the district court's award of fees and costs to Appellees.

---

[12]If, on remand, the Government is unable to recover the full amount of the unpaid taxes, it is only because it failed to substitute the estates of deceased Defendants Barnwell and Devine as parties in this matter, not because of any deficiency in the government's third-party beneficiary claim.

## IV.    Conclusion

In Appeal No. 17-4083, we **reverse** the district court's entry of judgment in favor of Appellees as to the Government's third-party beneficiary claim and **remand** the matter to the district court with instructions to enter judgment in favor of the Government on that claim and to award damages to the Government in the amount determined on remand.

In Appeal No. 17-4093, we **affirm** the judgment entered on March 30, 2017, against appellee Johnson in the amount of $92,250 and against appellee Smith in the amount of $92,250.

In Appeal No. 18-4036, we **reverse** the award of attorney's fees and costs to Appellees.