# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
December 18, 2012

No. 11-60800

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

CHARLES W. IRBY, JR.,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Mississippi

Before JOLLY, JONES, and GRAVES, Circuit Judges.

PER CURIAM:

After a four-day trial, a jury convicted Charles W. Irby, Jr. of one count of attempting to evade or defeat a tax in violation of 26 U.S.C. § 7201 (Count I); four counts of willful failure to file a tax return in violation of 26 U.S.C. § 7203 (Counts II through V); and one count of attempting to interfere with the administration of internal revenue laws in violation of 26 U.S.C. § 7212(a) (Count VI).  The district court ordered a 60-month prison term for Count I; concurrent 12-month terms for Counts II through V; and a 36-month term for Count VI.  The terms were ordered to run consecutively for a total of 108 months.  The court also ordered a three-year term of supervised release for

No. 11-60800

Count I and one-year terms of supervised release for Counts II through VI, with all terms to run concurrently. Irby timely appealed.

Although we GRANT Irby's motion to reconsider the clerk's denial of his motion to extend the time for filing a reply brief and allow the brief to be submitted to us, we nevertheless conclude that the district court did not err in any respect. Irby's appeal, however, raises an issue of first impression: whether the six-year statute of limitations for section 7201 offenses begins to run from the date the tax return was due or following the last affirmative act of tax evasion.[1] *See* 26 U.S.C. § 6531(2). Because we hold that there are no merits to any of Irby's substantive points, and because we hold that the statute of limitations accrues from the last evasive act, we AFFIRM the judgment of the district court.

## I.

The Due Process Clause establishes a floor requiring a "fair trial in a fair tribunal, before a judge with no actual bias against the defendant or interest in the outcome of his particular case." *Bracy v. Gramley*, 520 U.S. 899, 904-05 (1997) (quoting *Withrow v. Larkin*, 421 U.S. 35, 46 (1975)) (citations and internal quotation marks omitted). "[J]udicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *Liteky v. United States*, 510 U.S. 540, 555 (1994) (noting that we look for "a deep-seated favoritism or antagonism that would make fair judgment impossible").

---

[1] All other issues raised by Irby on appeal are completely meritless: the government did not engage in vindictive prosecution; the indictment was not constructively amended; there was sufficient evidence demonstrating his scienter and willfulness; there was no constitutional violation of his right to a trial by jury; and there are no grounds for disclosing the "chambers papers" of this court. Irby's allegations of bias and incompetence on the part of the district judge also are meritless, but we will briefly address his argument that the district judge's statements to the jury during voir dire amounted to a due process violation.

No. 11-60800

Irby's allegation is premised on the district judge's statement about civic duties to prospective jurors during voir dire, including that citizens should pay their taxes.[2] Notwithstanding that this was a legally correct statement, we measure the potential for bias against the totality of the circumstances at the trial. *United States v. Saenz*, 134 F.3d 697, 702 (5th Cir. 1998) ("The totality of the circumstances must show that the trial judge's intervention was 'quantitatively and qualitatively substantial.'" (quoting *United States v. Bermea*, 30 F.3d 1539, 1569 (5th Cir. 1994))). Here, we have a single, isolated statement made during voir dire. Taken in the context of a four-day trial in which the court instructed the jurors during voir dire and in its jury charge that the Government had the burden of proof and was required to show that Irby owed taxes and had failed to file tax returns, and that Irby was presumed innocent, this single statement is insufficient to form the basis of a claim of judicial misconduct during a trial. *See United States v. Lance*, 853 F.2d 1177, 1182-83 (5th Cir. 1988); *see also United States v. Franklin*, 586 F.2d 560, 570 (5th Cir. 1978). As such, we hold that Irby was not denied his right to a fair trial based on the single voir dire statement.

## II.

The district court's conclusion that Count I was not barred by the six-year statute of limitations is a legal conclusion that we review *de novo*. *See United States v. Gunera*, 479 F.3d 373, 376 (5th Cir. 2007); *United States v. Wilson*, 322 F.3d 353, 359 (5th Cir. 2003).[3]

---

[2] The allegedly prejudicial statement was: "It's a civic duty, and the older circuit judge I used to practice under many, many years ago used to tell jurors, [y]ou've got two things: You should vote, you should pay your taxes, and then [you should] serve on a jury. Three things that you should do to comply with your citizenship."

[3] The district court's factual findings are not clearly erroneous, and there is sufficient evidence to find, as the jury did, that Irby acted to evade the payment of taxes as late as 2006 through the use of nominee trusts designed to conceal his assets. *See United States v. McDowell*, 498 F.3d 308, 312 (5th Cir. 2007); *United States v. Avants*, 367 F.3d 433, 441 (5th

No. 11-60800

Although we addressed the application of the statute of limitations to a section 7201 violation in *United States v. Williams*, we expressly declined to take a position on the last affirmative act of evasion as it was not implicated by that case. 928 F.2d 145, 149 (5th Cir. 1991) ("We express no opinion relative to the effect of affirmative acts occurring subsequent to the [tax return] filing date."). *Williams* held only that "the limitations period for a prosecution under section 7201 in which no tax return was filed begins to accrue on the day the [tax] return is due." *Id.* Because Irby last failed to file his taxes in 2001, Count I is time barred unless the statute of limitations period begins to accrue following his last affirmative act of tax evasion.

> Section 6531(2) states:

> No person shall be prosecuted, tried, or punished for any of the various offenses arising under the internal revenue laws unless the indictment is found or the information instituted within 3 years next after the commission of the offense, except that the period of limitation shall be 6 years-- . . .

> (2) for the offense of willfully attempting in any manner to evade or defeat any tax or the payment thereof; . . . .

26 U.S.C. § 6531(2). Count I thus is not time barred as long as Irby was indicted within six years of when the crime of "willfully attempting in any manner to evade or defeat any tax or the payment thereof" was completed. *See* 26 U.S.C. § 7201; *see also United States v. Dandy*, 998 F.2d 1344, 1355-56 (6th Cir. 1993) (discussing the application of the Supreme Court decision in *United States v. Habig*, 390 U.S. 222, 225 (1968)).

The other circuits that have expressly considered the issue have concluded that the statute of limitations for section 7201 offenses runs from the later date

Cir. 2004). Irby's indictment was returned in 2011, five years after his use of the nominee trusts. Thus, if the statute of limitations begins running from the last affirmative act of evasion, Irby's conviction under Count I is supported by sufficient evidence.

4

of either:  when the tax return was due or the defendant's last affirmative act of tax evasion.  *See, e.g., United States v. Anderson*, 319 F.3d 1218, 1219-20 (10th Cir. 2003) ("Section 7201 criminalizes not just the failure to file a return or the filing of a false return, but the willful attempt to evade taxes *in any manner*."); *United States v. Carlson*, 235 F.3d 466, 470 (9th Cir. 2000); *United States v. Wilson*, 118 F.3d 228, 236 (4th Cir. 1997); *United States v. Dandy*, 998 F.2d 1344, 1355-56 (6th Cir. 1993) ("To hold that the statute of limitations for income tax evasion . . . began to run on the date the returns were filed would reward defendant for successfully evading discovery of his tax fraud for a period of six years subsequent to the date the returns were filed."); *United States v. Winfield*, 960 F.2d 970, 973-74 (11th Cir. 1992) (per curiam); *United States v. DiPetto*, 936 F.2d 96, 98 (2d Cir. 1991); *United States v. Ferris*, 807 F.2d 269, 271 (1st Cir. 1986); *United States v. Trownsell*, 367 F.2d 815 (7th Cir. 1966) (per curiam).  In *Dandy*, the Sixth Circuit addressed facts similar to those at issue here, where the defendant did not file tax returns for 1982 and 1983, but the last act of evasion did not occur until 1985.  *Dandy*, 998 F.2d at 1355-56.  The *Dandy* court found that the statute of limitation runs from the last evasive act "because it is these evasive acts . . . which form the basis of the crimes alleged in . . . [the] indictment."  *Id.* at 1356.  In *Ferris*, the First Circuit supported the rule by pointedly stating, "[t]he defendant, however, by deceitful statements continued his tax evasion through [date of last act of evasion]."  *Ferris*, 807 F.2d at 271 (noting that *Habig* supports this result because, "[t]he [Supreme Court] held that it made no sense to assert that 'Congress intended the limitations period to begin to run before appellees committed the acts upon which the crimes were based'" (quoting *Habig*, 390 U.S. at 224-25)).  No circuit has rejected the last affirmative act of tax evasion rule.

The rule, therefore, is well-supported in Supreme Court precedent and in the caselaw of other circuits.  One element of the section 7201 offense is the

No. 11-60800

commission of an affirmative act seeking to evade tax liability, which can be shown through the individual's willful failure to file a tax return, *Williams*, 928 F.2d at 149, or through continued evasive acts intending to avoid the payment of taxes. The statute of limitations accrues from the later of the two.

Irby last acted to evade the payment of his taxes in 2006, by using nominee trusts to conceal his assets. Because he was indicted in 2011, the district court did not err in concluding that Count I was not barred by the statute of limitations.

## III.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.