# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 19, 2024

Lyle W. Cayce
Clerk

No. 22-30691

Jarius Brown,

*Plaintiff—Appellant*,

*versus*

Javarrea Pouncy; John Doe #1; John Doe #2,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:21-CV-3415

_____

Before Graves, Higginson, and Ho, *Circuit Judges*.
Stephen A. Higginson, *Circuit Judge*:

Congress did not provide a statute of limitations for claims brought under 42 U.S.C. § 1983. The Supreme Court held in *Owens v. Okure* that a forum state's general or residual statute of limitations for personal injury claims applies to Section 1983 claims. 488 U.S. 235, 249–50 (1989). In Louisiana, that period is one year. La. Civ. Code art. 3492.[1] Appellant Jarius Brown argues that this one-year period should not apply to police

_____

[1] And, in Louisiana, the state legislature sets "prescriptive periods" rather than "statutes of limitations."

No. 22-30691

brutality claims brought under Section 1983 and seeks reversal of the district court's dismissal of his claims as untimely. He contends that the one-year period both impermissibly discriminates against Section 1983 police brutality claims and practically frustrates litigants' ability to bring such claims. Our review is de novo. *See United States v. Irby*, 703 F.3d 280, 282–83 (5th Cir. 2012).

We conclude that precedent requires us to AFFIRM.

I.

Brown alleges that officers from the DeSoto Parish Sheriff's Office attacked him without provocation, leaving him to languish in a jail cell with a broken nose and eye socket. Nearly two years later, Brown sued appellee Javarrea Pouncy and two unidentified officers in the U.S. District Court for the Western District of Louisiana, seeking relief under 42 U.S.C. § 1983 for unreasonable force applied in violation of the Fourth and Fourteenth Amendments and under Louisiana state law for battery, La. Civ. Code art. 3493.1. Pouncy moved to dismiss the Section 1983 claim as prescribed (time-barred) under Louisiana's one-year, residual prescriptive period for personal injury claims. The district court dismissed with prejudice the Section 1983 claim and dismissed without prejudice the state law claim over which it had exercised supplemental jurisdiction. Brown appealed.

Two subsequent developments, noticed to our court by the parties, provide additional context.

First, Brown refiled his state law claim in state court, which dismissed the suit as untimely. *Brown v. Pouncy*, 2023 WL 3859923 (La. Dist. Ct. May 23, 2023). That court rejected Brown's contention that the claim should be governed by the two-year period for "actions which arise due to damages sustained as a result of an act defined as a crime of violence under Chapter 1 of Title 14 of the Louisiana Revised Statutes of 1950," La. Civ. Code art.

3493.10, and instead applied the state's one-year residual period for personal injury claims. *Brown v. Pouncy*, 2023 WL 3859922, *1-2 (La. Dist. Ct. May 10, 2023).

Second, federal charges stemming from the incident were brought against at least some of the officers. On September 5, 2023, Defendant John Doe #1, now identified as DeMarkes Grant, pled guilty to obstruction of justice in violation of 18 U.S.C. § 1519. Plea Agreement, *United States v. Grant*, No. 5:23-cr-00207, ECF 9 (W.D. La. Sept. 5, 2023); Factual Basis for Plea, *United States v. Grant*, No. 5:23-cr-00207, ECF 9-2 (W.D. La. Sept. 5, 2023). On September 6, 2023, Pouncy was indicted on two counts of deprivation of rights under color of law in violation of 18 U.S.C. § 242 and one count of obstruction of justice in violation of 18 U.S.C. § 1519. Indictment, *United States v. Pouncy*, No. 5:23-cr-00210, ECF 1 (W.D. La. Sept. 6, 2023).

## II.

"[T]he failure of certain States to enforce the laws with an equal hand . . . furnished the powerful momentum behind" the Ku Klux Klan Act in the midst of a campaign of racial terror following the Civil War. *Monroe v. Pape*, 365 U.S. 167, 174–75 (1961). Central to addressing this failure was the Act's key enforcement mechanism, Section 1983, which provides a cause of action to "any citizen of the United States or other person within the jurisdiction thereof" for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" by any person acting "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory." 42 U.S.C. § 1983.

Still, "[t]he century-old Civil Rights Acts do not contain every rule of decision required to adjudicate claims asserted under them." *Burnett v. Grattan*, 468 U.S. 42, 47 (1984). Those consequential gaps are filled by 42

U.S.C. § 1988(a), which the Supreme Court distilled in *Burnett* into a "three-step process" for "federal courts to follow," "[i]n the absence of specific guidance," "to borrow an appropriate rule." *Id.* At Step One, "look to the laws of the United States 'so far as such laws are suitable to carry [the civil and criminal civil rights statutes] into effect.'" *Id.* at 48 (quoting 42 U.S.C. § 1988(a)). "If no suitable federal rule exists," consider, at Step Two, the "application of state 'common law, as modified and changed by the constitution and statutes' of the forum State." *Id.* (quoting 42 U.S.C. § 1988(a)). But, at Step Three, "apply state law only if it is not 'inconsistent with the Constitution and laws of the United States.'" *Id.* (quoting 42 U.S.C. § 1988(a)).

The Supreme Court in *Burnett* held that, at Step One, federal law does not provide a statute of limitations for Section 1983 claims, *id.* at 48–49, and so courts must, at Step Two, "turn to state law for statutes of limitations," *id.* at 49. One year after *Burnett*, the Supreme Court in *Wilson v. Garcia* held that *which* state statute of limitations applies is a question of federal law. 471 U.S. 261, 268–69 (1985). It explained that "[o]nly the length of the limitations period, and closely related questions of tolling and application, are to be governed by state law" because "Congress surely did not intend to assign to state courts and legislatures a conclusive role in the formative function of defining and characterizing the essential elements of a federal cause of action." *Id.* at 269. And characterization of the claim as a question of federal law was consistent with "the federal interest in uniformity and the interest in having firmly defined, easily applied rules." *Id.* at 270 (internal quotation marks and citation omitted). The Court then answered that question of federal law, holding that a state's statute of limitations for "the tort action for recovery of damages for personal injuries" supplies the appropriate limitations period. *Id.* at 276.

Uncertainty persisted after *Wilson*'s clarification.  Some states had multiple statutes of limitations for personal injury actions.  The Supreme Court, in *Owens v. Okure*, resolved that uncertainty several years later, holding that the statute of limitations for a Section 1983 action is a state's general or residual personal injury statute of limitations.  488 U.S. at 236.  For the *Owens* plaintiff, this meant New York's three-year general statute of limitations for personal injury claims applied rather than its one-year statute of limitations for intentional torts, and so the Court observed that it "need not address [plaintiff's] argument that applying a 1-year limitations period to § 1983 actions would be inconsistent with federal interests."  *Id.* at 251 n.13.

This appeal asks our court to pick up where *Owens* left off.

## III.

Brown contends that application of Louisiana's one-year prescriptive period to Section 1983 police brutality claims discriminates against those claims and practically frustrates litigants' ability to bring them, both of which contravene the federal interests behind Section 1983.  He argues that each is an independent basis for concluding that the one-year prescriptive period cannot apply to his Section 1983 police brutality claim.  We first address the level of generality at which to consider these two contentions and then address them in turn.

### A.

Brown maintains that we ask whether Section 1983 police brutality claims—and not Section 1983 claims generally, as Pouncy contends—are discriminated against or practically frustrated by Louisiana's prescriptive period.  Tellingly, Section 1983 police brutality claims were at issue in both *Wilson* and *Owens*, yet neither analyzed the statute of limitations question based on the nature of police brutality claims specifically and instead considered Section 1983 claims generally.  471 U.S. at 263; 488 U.S. at 237.

That approach makes sense:  The doctrinal developments outlined above reflect an "interest in having firmly defined, easily applied rules."  *Wilson*, 471 U.S. at 270 (internal quotation marks and citation omitted).  That interest was stymied when courts had to parse which limitations period applied based on the particular facts of a Section 1983 action, *see id.* at 275, and so *Wilson*, then *Owens*, announced a straightforward rule that obviated the need to do so.  The claim-specific approach assumed by Brown in his opening brief—and then urged by him in reply—would upend this.

Though our court has not addressed this issue before, we embraced *Wilson*'s "broad and inclusive language" to reject the argument that Section 1983 suits seeking equitable relief are not bound by statutes of limitations.  *Walker v. Epps*, 550 F.3d 407, 411 (5th Cir. 2008).  In that context, we reasoned that "[t]he Supreme Court was fully aware when it decided *Wilson* that actions seeking equitable relief only could be brought under § 1983" but did not make an exception for those actions and emphasized the need for uniformity.  *Id.* at 412.  We concluded that "*Wilson*'s strongly expressed interests in judicial economy suggest" no exception for equitable relief exists.  *Id.*  These same concerns also counsel against a claim-specific inquiry.

### B.

Brown contends that Louisiana's one-year prescriptive period discriminates against Section 1983 police brutality claims because Brown would have longer to bring an analogous state law claim.  Brown relies on then-Justice Rehnquist's concurrence in *Burnett*, which observed that "if the state statute of limitations discriminates against federal claims, such that a federal claim would be time-barred, while an equivalent state claim would not, then the state law is inconsistent with federal law."  468 U.S. at 60–61 (Rehnquist, J., concurring in judgment).  Brown contends that he would have two years to bring an analogous state law claim under Louisiana's

prescriptive period for crimes of violence, LA. CIV. CODE art. 3493.10, and so application of the one-year prescriptive period to bar his Section 1983 claim discriminates against federal claims.

It appears to be an open question of Louisiana law whether Brown would have two years to bring his analogous state law claim.[2] We need not resolve that question because, even assuming a two-year prescriptive period for a state law analogue, Brown misconceives what constitutes impermissible discrimination in contravention of the federal interests behind Section 1983.

*Owens*, in holding that the residual limitations period for personal injury actions applies to Section 1983 claims, contemplated that often "state law provides multiple statutes of limitations for personal injury actions." 488 U.S. at 249–50. Of course, some of those might have afforded longer periods in which to bring claims. But our case law reflects the bargain that courts have struck in the gap that Congress left: Accept that *some* plaintiffs may miss out on longer limitations periods afforded to analogous state law claims but give *all* plaintiffs the baseline protection of the limitations period used for "[g]eneral personal injury actions . . . [that] constitute a major part of the total volume of civil litigation in the state courts," so that it is "most unlikely that the period of limitations applicable to such claims ever was, or ever

_____

[2] As noted, a state trial court rejected Brown's contention that his claim should be governed by the two-year period under Louisiana Civil Code article 3493.10 for "actions which arise due to damages sustained as a result of an act defined as a crime of violence under Chapter 1 of Title 14 of the Louisiana Revised Statutes of 1950," and instead applied the one-year residual period. *Brown*, 2023 WL 3859922 at *1-2. It reasoned that "the mere fact that plaintiff contends the actions of defendant were crimes of violence do not make it so," after noting that "[l]aw enforcement is permitted to use[] 'reasonable force to effect the arrest and detention.'" *Id.* at *1 (citation omitted). The trial court found another case "instructive" in which the one-year period applied where "the defendant law enforcement officer was not arrested or otherwise charged with a crime relative to his interaction with [the] plaintiff." *Id.* at *2. We do not weigh in on how the federal criminal charges might implicate that court's reasoning.

would be, fixed in a way that would discriminate against federal claims." *Wilson*, 471 U.S. at 279.

Indeed, Brown's discrimination standard might have perverse effects. Take a state legislature that decides that, to address police brutality, it will set a ten-year statute of limitations for plaintiffs bringing police brutality claims under state law. And assume the state has a three-year residual statute of limitations for personal injury claims. A Section 1983 police brutality claim would be time-barred after three years, shorter, of course, than the ten-year period to bring the same claim under state law. Under Brown's theory, the state—in making itself a more hospitable forum for civil rights claims—may have discriminated against federal claims.[3]

Our court's precedent confirms our approach. We have consistently applied shorter, general limitations periods instead of longer ones governing analogous state law claims. For example, in *King-White v. Humble Independent School District*, we declined to apply Texas's five-year limitations period for sexual assault—the most closely analogous state law claim to the Section 1983 claim brought there—and instead applied the two-year residual limitations period for personal injury actions. 803 F.3d 754, 759–61 (5th Cir. 2015). To do otherwise, we explained, would be "precisely the practice that the Supreme Court rejected in *Wilson* and *Owens*." *Id.* at 761.

C.

_____

[3] Of course, the rejoinder might be that this hypothetical regime discriminates against Section 1983 claims but does not practically frustrate them. Indeed, at oral argument, counsel explained that the convergence of the discrimination and frustration arguments would provide a narrow basis for a ruling in Brown's favor. Because we conclude that Brown misconceives the standard for discrimination, we do not consider the convergence argument.

No. 22-30691

Brown also argues that Louisiana's one-year prescriptive period practically frustrates the ability to bring claims in contravention of the federal interests underlying Section 1983. Brown and amici argue that a short limitations period is particularly harmful to victims of police brutality, who as victims of violence experience trauma that is often exacerbated by remaining in custody. *See, e.g.*, Dani Kritter, *The Overlooked Barrier to Section 1983 Claims: State Catch-All Statutes of Limitations*, Cal. L. Rev. Online (Mar. 2021), https://www.californialawreview.org/online/the-overlooked-barrier-to-section-1983-claims-state-catch-all-statutes-of-limitations.

The Supreme Court has repeatedly admonished that Section 1983 be interpreted consistent with its broad, remedial purpose. In *Wilson*, the Court explained that the "high purposes of this unique remedy make it appropriate to accord the statute a sweep as broad as its language." 471 U.S. at 272 (internal quotation marks and citation omitted). A statute of limitations must therefore account for "practicalities that are involved in litigating federal civil rights claims." *Burnett*, 468 U.S. at 50. Otherwise, it would inhibit Section 1983's "central objective" of "ensur[ing] that individuals whose federal constitutional or statutory rights are abridged may recover damages or secure injunctive relief." *Id.* at 55.

Brown argues that *Owens*, in a footnote, expressly left open the question of whether one year is so short that it denies those individuals relief. The footnote reads:

> Because we hold that the Court of Appeals correctly borrowed New York's 3-year general personal injury statute of limitations, we need not address [plaintiff's] argument that applying a 1-year limitations period to § 1983 actions would be inconsistent with federal interests. *See Burnett v. Grattan*, 468 U.S. 42, 61, 104 S.Ct. 2924, 2935, 82 F.Ed.2d 36 (1984) (Rehnquist, J., concurring) (before borrowing a state statute of limitations and applying it to § 1983 claims, a court

must ensure that it "afford[s] a reasonable time to the federal claimant").

*Owens*, 488 U.S. at 251 n.13.

Taking this footnote as our starting point, we turn to then-Justice Rehnquist's concurrence in *Burnett*. While it does state that a limitations period could be so unreasonably short that it frustrates the federal interests behind Section 1983, it concludes that "[t]he willingness of Congress to impose a 1–year limitations period in 42 U.S.C. § 1986 demonstrates that at least a 1–year period is reasonable." 468 U.S. at 61 (Rehnquist, J., concurring in judgment). Section 1986 creates a cause of action against those who have knowledge of a conspiracy to deprive individuals of their civil rights, as defined in 42 U.S.C. § 1985, and have the power to help stop such a deprivation but do not do so. Section 1983 and Section 1986 claims are, of course, distinct, and so it is possible that what is too short to vindicate one might be sufficient to vindicate the other.

While the Supreme Court has not addressed, post-*Owens*, whether the length of a statute of limitations constitutes practical frustration in contravention of federal interests, we find its treatment of the application of state tolling provisions to Section 1983 claims instructive. The Court explained in *Hardin v. Straub* that, to determine whether federal interests would be contravened by the application of state tolling provisions, courts must ask whether "the State's rules . . . defeat either § 1983's chief goals of compensation and deterrence or its subsidiary goals of uniformity and federalism." 490 U.S. 536, 539-40 (1989). This reflects "a congressional decision to defer to 'the State's judgment on the proper balance between the policies of repose and the substantive policies of enforcement embodied in the state cause of action.'" *Id.* at 538 (quoting *Wilson*, 471 U.S. at 271). Discussing the policy choice that state legislatures face in deciding whether to toll limitations periods for claims brought by prisoners, the Court

explained that "a State reasonably could decide that there is no need to enact a tolling statute applicable to" suits brought by prisoners *or* could "reasonably" conclude that a tolling statute is necessary because "some inmates may be loath[] to bring suit against adversaries . . . whose daily supervision and control they remain subject" to and that those "who do file may not have a fair opportunity to establish the validity of their allegations while they are confined." *Id.* at 544. That a state legislature could decide, consistent with the federal interests behind Section 1983, not to toll prisoners' claims suggests there is also no frustration of federal interests here where barriers facing police brutality victims overlap with those facing prisoners, as described in *Hardin*.

Our court has repeatedly applied Louisiana's one-year prescriptive period, *see, e.g.*, *Stringer v. Town of Jonesboro*, 986 F.3d 502 (5th Cir. 2021), but we agree with Brown that it has not been challenged on these grounds. Puerto Rico, Kentucky, and Tennessee are tied with Louisiana as having the shortest limitations periods applicable to Section 1983 actions,[4] and it does not appear that either the First Circuit or Sixth Circuit has addressed these arguments.

But the Ninth Circuit and Eleventh Circuit each addressed challenges to one-year limitations periods after *Owens*. As out-of-circuit cases, they are merely persuasive, *see Ferraro v. Liberty Mut. Fire Ins. Co.*, 796 F.3d 529, 533 (5th Cir. 2015), and offer limited analysis. In *McDougal v. County of Imperial*, the Ninth Circuit rejected the argument that "a one-year period of limitations is too restrictive to accommodate the important federal interests at stake in a civil rights action." 942 F.2d 668, 672 (9th Cir. 1991). It

_____

[4] *See* P.R. Laws tit. 31, § 5298(2); Ky. Rev. Stat. § 413.140; Tenn. Code. § 28-3-104.

observed that "Congress . . . demonstrated its belief that a one-year period is reasonable in the civil rights context, providing for such a period in 42 U.S.C. § 1986." *Id.* at 673. In *Jones & Preuit v. Mauldin*, the Eleventh Circuit rejected, on remand from the Supreme Court after *Owens*, the argument that a one-year period contravenes federal interests because "[n]o case . . . has held that a one-year limitations period conflicts with the policies behind section 1983 by providing an insufficient period in which to file suit." 876 F.2d 1480, 1484 (11th Cir. 1989).

Finally, we turn to Brown's argument that other circuits "have declined to apply" state limitations periods "in contexts where they were incompatible with other federal statutes or rights." Brown misreads these cases. In *Mason v. Owens-Illinois, Inc.*, the Sixth Circuit declined to apply a limitations period that otherwise applied only to actions brought by the state civil rights commission because it was a poor fit for actions brought by private litigants under Section 1983. 517 F.2d 520 (6th Cir. 1975). In *Johnson v. Davis*, the Fourth Circuit declined to apply a one-year limitations period to Section 1983 claims because that statute of limitations applied *only* to Section 1983 claims while the general personal injury statute of limitations was two years. 582 F.2d 1316 (4th Cir. 1978). Both cases predate the holding in *Owens* that the residual limitations period for personal injury claims applies to Section 1983 claims. 488 U.S. at 249–50. And, in *Tearpock-Martini v. Borough of Shickshinny*, decided after *Owens*, the Third Circuit did not apply the state's two-year residual limitations period for personal injury claims, not because that period practically frustrated federal interests, but because it concluded that the Establishment Clause claim could not be time-barred as it was "predicated on a still-existing display or practice." 756 F.3d 232, 239 (3d Cir. 2014).

IV.

We read Supreme Court precedent, and our cases applying that precedent, to foreclose Brown's position. Only the Supreme Court, having already solved the problem of uncertainty in the absence of a federal limitations period for Section 1983 claims, can clarify how lower courts should evaluate practical frustration without undermining that solution. And states, like Louisiana, are free to act so that they are no longer outliers.

For the foregoing reasons, we AFFIRM.