# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 5, 2024

Lyle W. Cayce
Clerk

No. 23-30230

Anthony Monroe,

*Plaintiff—Appellant*,

*versus*

Terry Conner, *in his individual capacity as a law enforcement officer with Louisiana State Police*; Richard Matthews, *in his individual capacity as a law enforcement officer with the Louisiana State Police*; Lamar Davis, *in his official capacity as the Superintendent of the Louisiana State Police*; Chavez Cammon, *in his official capacity as records custodian*,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:21-CV-4063

_____

Before Jones, Dennis, and Douglas, *Circuit Judges*.

Per Curiam:[*]

In *Owens v. Okure*, the Supreme Court held that a forum state's general or residual statute of limitations for personal injury claims applies to claims brought under § 1983. 488 U.S. 235, 249-50 (1989). Appellant

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-30230

Anthony Monroe challenges the application of Louisiana's one-year residual prescriptive period to his police brutality claims found in Article 3492 of the Louisiana Civil Code.[1] The district court concluded that Monroe's claims, filed one year and eleven months after the conduct giving rise to his federal claims, was time-barred.  Because we are bound by precedent, we AFFIRM.

I

This case involves a routine traffic stop that allegedly ended in violence after three Louisiana State Police Troopers (collectively "Defendants") physically attacked Monroe in Bossier Parish, Louisiana. According to Monroe's amended complaint, this brutality caused Monroe to suffer a heart attack and other severe life-threatening injuries.

Monroe filed suit one year and eleven months[2] after the incident, bringing claims under 42 U.S.C. §§ 1983 and 1985.  He asserted violations of his Fourth and Fourteenth Amendment rights, for excessive force and conspiracy.   He also brought *Monell*[3] claims for failure to supervise, investigate, and decertify officers under 42 U.S.C. § 1983; aggravated assault in violation of La. Rev. Stat. § 14:37; aggravated battery in violation of La. Rev. Stat. § 14:34; and violations of the Louisiana Constitution and the Records Law, La. Rev. Stat. Ann. § 44.31, for refusal to comply with document requests.

_____

[1] In Louisiana, the state legislature sets "prescriptive periods" rather than "statutes of limitations." La. Civ. Code art. 3492 (2024) ("Delictual actions are subject to a liberative prescription of one year.").

[2] The attack occurred on November 29, 2019.  Monroe filed his complaint November 24, 2021.

[3] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

2

No. 23-30230

Defendants separately moved to dismiss Monroe's federal claims as time barred under Louisiana's one-year prescriptive period. In March 2023, the district court granted the motions to dismiss, dismissing his federal claims with prejudice and declining to exercise supplemental jurisdiction over Monroe's state law claims, dismissing them without prejudice. Monroe timely filed a notice of appeal on April 10, 2023. We review the district court's dismissal de novo. *United States v. Irby*, 703 F.3d 280, 283-84 (5th Cir. 2012) (citation omitted).

II

On appeal, Monroe argues that Louisiana's one-year prescriptive period is inapplicable under *Burnett v. Grattan*, 468 U.S. 42, 48 (1984), because it undermines § 1983's federal interests. Specifically, he argues that (1) Louisiana law discriminates against § 1983 claimants because it time-bars federal claims one year earlier than equivalent state claims involving crimes of violence; (2) the Louisiana legislature consciously seeks to prevent plaintiffs from bringing police brutality claims; and (3) Louisiana's residual limitations period does not account for the practicalities of litigating police brutality claims. Additionally, Monroe argues that Louisiana Civil Code Article 3493.10,[4] a prescriptive period that applies to crimes of violence, provides an appropriate analogue to apply to police brutality claims. Finally, he argues that the four-year statute of limitations supplied by 28 U.S.C. § 1658 could also apply.

Recently, a panel of our court considered identical arguments in *Brown v. Pouncy*, -- F.4th --, 2024 WL 667692 (5th Cir. 2024). In that case,

_____

[4] La. Civ. Code art. 3493.10 (2024) ("Delictual actions which arise due to damages sustained as a result of an act defined as a crime of violence . . . are subject to a liberative prescription of two years.").

3

No. 23-30230

Brown argued that Louisiana's one-year prescriptive period should not apply to police brutality claims brought under § 1983 because the period "impermissibly discriminates against Section 1983 police brutality claims and practically frustrates litigants' ability to bring such claims," both of which contravene the federal interests behind § 1983. *Id.* at *1, *3. There, the panel held that "Supreme Court precedent, and our cases applying that precedent, [] forcelose[d] Brown's position." *Id.* at *3. The panel noted that our precedent "consistently applied shorter, general limitations periods instead of longer ones governing analogous state law claims," and has "repeatedly applied Louisiana's one-year prescriptive period" to claims brought under § 1983. *Id.* at *4, *6. It explicitly stated that "[o]nly the Supreme Court, having already solved the problem of uncertainty in the absence of a federal limitations period for Section 1983 claims, can clarify how lower courts should evaluate practical frustration without undermining that solution." *Id.* at *7. Although we are sympathetic to Monroe's plight, we are bound by *Brown* under our rule of orderliness. *Edmiston v. Borrego*, 75 F.4th 551, 559 (5th Cir. 2023) (citing *Def. Distrib. v. Platkin*, 55 F.4th 486, 495 n.10 (5th Cir. 2022) ("The rule of orderliness means that one panel of our court may not overturn another panel's decision, absent an intervening change in law, such as by statutory amendment, or the Supreme Court, or our *en banc* court.").

## III

Accordingly, the decision of the district court is AFFIRMED.